JAMES P. THORNDIKE *vs.* COUNTY COMMISSIONERS OF NORFOLK.

Norfolk.    Jan. 27. — May 8, 1875.    AMES & ENDICOTT, JJ., absent.

Land was taken by the county commissioners to straighten a highway, and damages awarded. Within a year thereafter the owner of the land filed a petition for a jury to assess his damages. The county commissioners ordered a warrant for a jury to issue, but gave no notice thereof to the petitioner, and he did not know of the order until more than three months after it was made. The petitioner delayed proceedings under his petition for a jury in the belief, derived from conversations with some of the commissioners, that some action would be taken with reference to a verbal application made for a relocation of the highway, but he was informed by one of the commissioners that no change could be made except on a regular petition and notice. After the expiration of three months from the date of the order for a warrant for a jury, and more than one year after the order assessing his damages, he filed a new petition for a jury; and, on the refusal of the county commissioners to order a warrant for a jury to issue, filed a petition for a writ of mandamus. *Held*, that the writ ought not to issue.

PETITION for a writ of mandamus commanding the respondents to issue a warrant to the sheriff of Norfolk County for a jury to assess the petitioner's damages, occasioned by taking his land to widen Elm Street, in Braintree. Hearing before *Colt*, J., who reported the case for the consideration of the full court, in substance as follows :

A portion of the petitioner's land was taken by the location and straightening and widening of said Elm Street, by a final

decree in the case made on January 1, 1873, for which $1500 was allowed as damages to the petitioner.

On September 24, 1873, the petition of said Thorndike for a jury to assess his damages, signed by his attorneys for him, was presented to the chairman of the county commissioners, when said Thorndike, by his attorneys, recognized in the usual manner in the sum of $100.00, and the chairman, (after taking the recognizance,) in writing upon the back of the petition, directed the clerk of the courts to enter and file said petition, at the request of the attorneys of said Thorndike.

Said petition for a jury was duly entered at the meeting of the county commissioners, held at Dedham, on October 14, 1873, by adjournment from the September meeting, 1873, when the county commissioners, examining the petition and entry, in the absence of both the petitioner and his attorneys, entered an order for a jury, conformable to the prayer of the petition therefor, and this entry was made on the docket: "Warrant for jury to issue."

No further proceedings upon said order for a warrant to issue were ever had by either party. Neither the petitioner nor his at-torneys, had any knowledge of the order passed by the county commissioners on October 14, 1873, until more than three months from the date of said order, at about which time the petitioner, upon making application for a warrant to a jury to issue, was informed of said order ; and thereupon the petitioner, by his counsel, having drawn up and signed a petition that a warrant for a jury should issue, bearing date April 30, 1874, presented the same to the county commissioners in session at Dedham, on June 29, 1874, when the county commissioners indorsed their decision and judgment upon said petition, declining to issue a warrant, or to take any further order regarding the same.

In addition to the foregoing facts agreed by the parties, the judge found that the petitioner, from conversation had with one or more of the respondents at the time of filing his petition for a jury, believed, and had good reason to believe, that some action of the respondents would be taken with reference to a verbal application made by the petitioner to the respondents, after he had filed the said petition of September 14, 1873, for a relocation of the said street, so that the damages to his estate by said widening and straightening might be lessened, and that he took no ac-

tion in the mean time in the premises, pursuant to his said appli cation, which remained unsettled, so far as the petitioner or his counsel knew, until he filed his second petition; but the petitioner was informed at the time of the above conversation, by one of the commissioners, that a change in the line of the location of the road, as laid out on January 1, 1873, could be made only on reg- ular petition and service, and return of order of notice. No such petition was ever presented. The petitioner, however, expected that the line of the road as laid out on January 1, 1873, would be altered, and in that expectation delayed in good faith to re- quest a warrant to issue therefor, as he did, without any inten- tion on his part to waive his right to go to the jury for an assess- ment of his damages, upon the location which had been made, and without fault on his part, except such as is to be implied, if any, from the facts here stated.

*E. Avery & E. C. Bumpus*, for the petitioner.

*E. Ames*, for the respondents, was not called upon.

COLT, J. Application for a jury to revise the judgment of the county commissioners in the assessment of damages occasioned by the widening of highways may be made by a party aggrieved within one year from the adoption of the order for the same. Gen. Sts. *c.* 43, § 22. Under this provision, upon a petition duly presented, an order for a jury was passed by the county commis- sioners at a regular meeting of the board and entered upon the docket. It is required that when a jury is so ordered they shall be summoned and give in their verdict within three months next after the date of the order. Gen. Sts. *c.* 43, § 40.

The petitioner now alleges that he had no knowledge of the passing of this order until after the three months had expired , that he did not apply for a warrant himself, because he expected that there would be no order passed upon his petition without notice to him or to his attorney; and because he expected that there would soon be a new location of the way made and a revi- sion of the former action of the commissioners had. He charges the commissioners with neglect of duty in not giving notice of the order to him, and in not causing the warrant to be placed seasonably in the hands of the proper officer for service.

It was found as a fact at the hearing upon this petition, that the petitioner, although he had conversation with one or more in-

dividual commissioners in reference to a relocation of the street, and believed and had good reason to believe that some action would be taken to that end, was nevertheless informed by them, that such action could be had only on regular petition and service, and no cause is shown which makes it proper for this court to interfere by writ of mandamus.

The order for the warrant for a jury was granted upon the petitioner's application. It was his duty to take notice of the action of the commissioners upon it, and to take the necessary steps under that order. It was not for the commissioners to see that the warrant was prepared and put into the hands of the proper officer for service, so that the verdict might be seasonably rendered. The petitioner's right to a jury was a right which he might waive and abandon, and which must be taken to have been abandoned if the statute requirement is not complied with. The petitioner fails to show a good excuse for his neglect. It is not a case where a verdict has failed to be returned by inevitable accident over which the petitioner had no control, or by the fault of some officer charged with the execution of the process, or by the failure of the jury to agree. *Taylor* v. *County Commissioners*, 13 Met. 449, 452. *Petition dismissed.*