WILLIAM H. MAHONEY *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

Suffolk.     March 11. — May 9, 1887.     FIELD, C. ALLEN, & GARDNER, JJ., absent.

A.'s land was taken by a city for a street, under the St. of 1871, c. 182, and an award of the damages caused to him was duly made by the city. Within a year after such award, A. prepared a complaint or petition to the county commissioners for an order for a jury to assess his damages, under § 22, signed in his behalf by his counsel, B. B. being ill, C., an attorney in B.'s employ, acting in his behalf, took the petition to the office of the clerk of the commissioners and filed it. At the same time he entered into a recognizance, as required by the Pub. Sts. c. 49, § 35, in the name of the petitioner, and also as surety, which was noted by the clerk on the back of the petition, after the date, as follows: " C. recogs. as pr. & su. in $200." A jury was ordered, and A. failed to prosecute his claim within three months, as required by the Pub. Sts. c. 49, § 52. *Held,* that there was sufficient evidence of a recognizance; that the act of C. was binding on A.; and that A. was not entitled to another order for a jury.

PETITION for a writ of mandamus to compel the respondents to issue an order for a jury to revise an assessment of damages for land taken by the city of Somerville for a way, under the St. of 1871, c. 182. Hearing before *Holmes,* J., who reported the

case for the consideration of the full court.   The facts appear
in the opinion.

C. F. Donnelly, for the petitioner.

S. C. Darling, for the respondents.

MORTON, C. J.   The city of Somerville took a part of the
petitioner's land for a street, and duly made an award of the
damages thereby caused to him.   Under the statutes applicable
to the case, the petitioner, if dissatisfied with the award, was re-
quired, within one year thereafter, to make his complaint to the
county commissioners of Middlesex, who, upon a recognizance
being given to the county for the payment of costs and ex-
penses, could issue an order for a jury to assess the petitioner's
damages.   Such jury must be summoned and give their verdict
within three months next after the date of the order.   St. 1871,
c. 182, § 22.   Gen. Sts. c. 43, §§ 24, 40, 73.   Pub. Sts. c. 49,
§§ 35, 52, 79.

In the case at bar, the petitioner, within a year after the
award of damages by the city, prepared his complaint or peti-
tion for an order for a jury, signed in his behalf by his counsel,
Mr. Donnelly.   Mr. Donnelly being ill, Mr. Paige, an attorney
at law, not a partner of Mr. Donnelly, but in his employ, acting
on his behalf, took the petition to the office of the clerk of the
county commissioners and filed it.   At the same time, he entered
into a recognizance in the name of the petitioner, and also as
surety, which was noted by the clerk on the back of the petition,
in the usual form, as follows : " February 11, 1885.   Chas. F.
Paige recogs. as pr. & su. in $200."

The petitioner now contends that this is not a sufficient recog-
nizance.   It does not purport to be a recognizance, but is a min-
ute or memorandum made by the clerk upon the record, which
enables him to extend the recognizance in full when necessary.
It has been held that such memoranda are competent evidence,
before the record has been extended, to prove the fact that a
recognizance has been taken.   Townsend v. Way, 5 Allen, 426.

But the petitioner's principal contention is, that Paige had no
authority to enter into a recognizance for him ; and therefore
that the recognizance was void.   Mr. Donnelly was employed
by the petitioner as his attorney to prosecute his claim against
the city of Somerville.   He had authority to do all acts within the

scope of his employment, and could bind his client by entering into a recognizance for him, that being a necessary step in the remedy which he was .pursuing. If he was unable to act, and employed another attorney to act for him, the act of such attorney is his act, and, being within the scope of his employment, is binding upon the client.

This subject has been recently discussed in *Shattuck* v. *Bill*, 142 Mass. 56, which is decisive against the petitioner on this point.

We need not discuss the question whether, if there had been no recognizance taken, the petitioner, who would have lost nothing by the omission, could avail himself of that fact. As there was a sufficient recognizance and a legal order for a jury, it was the duty of the petitioner to prosecute his claim before the jury within three months of the order, and, not having done so, he has lost his remedy, and has no right to another order for a jury. *Thorndike* v. *County Commissioners*, 117 Mass. 566.

*Petition dismissed.*