Parker, C. J.,
delivered the opinion of the Court. We are of opinion that Train, the deputy of the defendant, being released by him, to whom alone he would be directly accountable in consequence of a verdict in the action for the plaintiff, was a competent witness ; although undoubtedly standing in a very questionable point of light as to credit, as was suggested to the jury by the judge who sat in the trial.
We are then to consider the fact to have been legally proved, that before the plaintiff’s writ was tendered to the deputy for ser *158 vice, he had made two attachments of the vessel; and it appears Jiat the judgments, recovered in the two actions, were sufficiently large to consume the whole proceeds of the property attached.
The verdict was then unquestionably right, if the opinion of the judge, excepted to at the trial, was correct; viz. that no overt act was necessary to constitute an attachment, the sheriff having previously in his possession or custody ihe property, upon another attachment. That such is the law, we have no doubt; and the practice has uniformly conformed to it. It has its inconveniences, particularly in exposing officers to the temptation of preferring favorite [ * 186 ] creditors, when several writs are put into their hands, * with a view to cause the same property to be attached. But the law has been long enough known, to attract the attention of many successive legislatures; and it remains unaltered.
It is in the power of parties to protect themselves, in some measure, from fraudulent practices, by demanding of the officers, when about delivering a writ to him, whether he has any other writs in his possession, or has made any prior attachments.
It has been suggested that, as the writ in favor of Goddard, upon which the second attachment was made, had endorsed upon it a special direction to attach other property, the officer was not bound to attach the vessel, and might lawfully, on that account, have postponed Goddard’s attachment to the plaintiff’s. But allowing he was not bound to attach the vessel, yet having done it, although without a special direction, he would have been liable to Goddard, had he knowingly done any thing to impair the effect of the attachment. A special direction may justify the officer for not going beyond it; but it does not deprive him of the legal authority to obey the general command in the precept, to attach sufficient to secure the demand, if he has opportunity to do it, and chooses to avail himself of it.

Judgment on the verdict