DAVID MOULTON & another *vs.* ALBERT BOWKER.

Suffolk.   March 4, 5. — 9, 1874.   WELLS & ENDICOTT, JJ., absent.

An attorney at law has authority, by virtue of his employment as such, to release before judgment an attachment of real estate.

Where in an action brought by a writ of entry it appeared that the demandant claimed title through a sale on execution of premises which had been attached on mesne process in a suit against W., and that the tenant claimed through a conveyance made by W., after the attachment had been dissolved by the attorney of the plaintiff without his knowledge or consent in the suit against W. *Held,* that the tenant, in the absence of fraud on his part, was entitled to judgment.

WRIT OF ENTRY, dated December 17, 1872, to recover the undivided half of certain premises situated in East Boston. Plea the general issue, which was joined. At the trial in the Superior

Court, before *Lord*, J., the jury were directed to find a verdict for the tenant, and the following facts were reported for the determination of this court:

" On September 5, 1870, the demandants commenced an action in the Superior Court against William D. A. Whitman, in which action all the real estate of Whitman in Suffolk County was attached on mesne process on the day aforesaid. Judgment was recovered in said action against Whitman, April 2, 1872, upon which judgment execution issued, by virtue of which the demanded premises (which were subject to a mortgage) were taken and sold at public auction by a deputy sheriff on May 18, 1872, these demandants becoming the purchasers. A deed of said premises in due form was executed by said deputy sheriff and delivered to the demandants, which deed was duly recorded. No question was raised as to the legality or validity of the above proceedings. The demandants thereupon rested their case.

" The tenant offered in evidence a certified copy of a paper from the office of the clerk of the Supreme Judicial Court for Suffolk, purporting to bear date August 11, 1871, and to be signed by George W. Searle, who was shown to have been at that time the attorney of record of the demandants in their aforesaid suit against Whitman.* The demandants objected to the admission of said copy on the ground that it was immaterial, and that it did not appear that Searle had sufficient or any authority to execute such instrument or to discharge said attachment, but the objection was overruled and the paper admitted. The tenant then offered in evidence a certified copy of a memorandum from the record of this attachment in the attachment book in the office of the clerk of the Supreme Judicial Court, which was admitted under the same objection.† The tenant also put in evidence a deed of the demanded premises from Whitman to Joseph F. Wilson, dated

---

* DAVID MOULTON *et al. vs.* WM. D. A. WHITMAN.

Writ dated 5 Sept. 1870, returnable to Superior Court, Suffolk, Oct. term, 1870.

The attachment in this action of real estate in Suffolk Co. is hereby discharged. This discharge in no way to affect attachment in Middlesex Co.

11 Aug. 1871.                          GEO. W. SEARLE, *Pltf's Att'y.*

† 1871, Aug. 11. Attachment of real estate in Suffolk County discharged by order of pltf's att'y on file.

Attest:     GEO. W NICHOLS, *Ass't Clerk.*

December 17, 1870, and a deed of the same premises from said Wilson to the tenant, dated August 31, 1871.

" The demandants then offered to prove that Searle in discharging or attempting to discharge said attachment acted without any authority from them, without their knowledge and in fraud of their rights. The demandant Moulton was called and testified that he directed his attorney, the said Searle, to cause the real estate of said Whitman to be attached in the aforesaid suit, that he never authorized the discharge of said attachment, that said Searle never consulted or communicated with him in relation thereto, and that he had no knowledge of said attempted discharge until some time after it was made, and after said Searle had ceased to be his attorney in said suit. The other demandant, Thompson, was called, and the tenant admitted that he would testify to the same facts. The foregoing testimony of the demandants was objected to, but was admitted *de bene esse*.

" It is agreed between the parties that the only legal question raised or ruled upon was whether an attorney of record can discharge an attachment under the circumstances above testified to by Moulton, so that a subsequent purchaser without fraud on his part would take a good title. The presiding judge ruled that such discharge by the attorney of record would enable the defendant in the original action to give a valid title to the tenant, who it was agreed was cognizant of no fraud."

*R. M. Morse, Jr., & A. E. Pillsbury,* for the demandants. An attorney is not *dominus litis.* He has no power to give up the security of his client without payment or express authority. *Terhune* v. *Colton,* 2 Stockt. Ch. 21. *Tankersley* v. *Anderson,* 4 Dessaus. 45. Nor to release sureties upon the claim of his client. *Savings Inst.* v. *Chinn,* 7 Bush, (Ky.) 539. *Givens* v. *Briscoe,* 3 J. J. Marsh. 529, 532. *Union Bank* v. *Govan,* 10 Sm. & M. 333. Nor to discharge a lien created by levy of execution. *Banks* v. *Evans,* 10 Sm. & M. 35. *Benedict* v. *Smith,* 10 Paige, 126. Nor to release a lien obtained by judgment, or to discharge any security resulting from his prosecution of the claim. And an honest belief that he is acting in his client's interest cannot supply the defect of authority to make such an arrangement. *Wilson* v. *Jennings,* 3 Ohio St. 528. He may control the manner of conducting a cause, but cannot waive any substantial acquired right of his client

*Howe* v. *Lawrence*, 2 Zab. 99. He may not release a third person for the purpose of making him a competent witness. *Shores* v. *Caswell*, 13 Met. 413. *Succession of Weigel*, 18 La. An. 49. *Marshall* v. *Nagel*, 1 Bailey, 308. Nor discharge an indorser upon a note committed to him for collection without satisfaction or the express consent of his client. *East River Bank* v. *Kennedy*, 9 Bosw. 543. *Bowne* v. *Hyde*, 6 Barb. 392. *Kellogg* v. *Gilbert*, 10 Johns. 220. *Simonton* v. *Barrell*, 21 Wend. 362. *York Bank* v. *Appleton*, 17 Me. 55. *Varnum* v. *Bellamy*, 4 McLean, 87. Nor sell or assign a judgment of his client. *Maxwell* v. *Owen*, 7 Coldw. (Tenn.) 630. *Baldwin* v. *Merrill*, 8 Humph. 132. *Campbell's Appeal*, 29 Penn. St. 401. *Rowland* v. *Slate*, 58 Ib. 196. Nor discharge a judgment or execution except upon payment in full. Per Coke, C. J. 1 Rol. R. 366. *Beers* v. *Hendrickson*, 45 N. Y. 665. *Lewis* v. *Woodruff*, 15 How. Pr. 539, and cases cited. *Wilson* v. *Wadleigh*, 36 Me. 496, and cases cited. *Harrow* v. *Farrow*, 7 B. Mon. 126. *Chambers* v. *Miller*, 7 Watts, 63. Nor receive any other thing than lawful money in payment of his client's claim. *Stackhouse* v. *O'Hara*, 14 Penn. St. 88. *Harper* v. *Harvey*, 4 W. Va. 539, following *Smock* v. *Dade*, 5 Rand. 639. *Jeter* v. *Haviland*, 24 Ga. 252. *Miller* v. *Edmonston*, 8 Blackf. 291. *Jones* v. *Ransom*, 3 Ind. 327. *Trumbull* v. *Nicholson*, 27 Ill. 149, and cases cited. *Lawson* v. *Bettison*, 7 Eng. 401. *Kent* v. *Ricards*, 3 Md. Ch. 392. *Walker* v. *Scott*, 8 Eng. 644. *Bailey* v. *Bagley*, 19 La. An. 172. *Wright* v. *Daily*, 26 Tex. 730. *West* v. *Ball*, 12 Ala. 340. *Clark* v. *Kingsland*, 1 Sm. & M. 248. Nor indorse a note left with him for collection. *Child* v. *Eureka Powder Works*, 44 N. H. 354. Nor compromise a suit. By the Master of the Rolls in *Swinfen* v. *Swinfen*, 27 L. J. (Ch.) 35, affirmed by the Lords Justices, 2 De G. & J. 381. Marshall, C. J., in *Holker* v. *Parker*, 7 Cranch, 436. *Stokely* v. *Robinson*, 34 Penn. St. 315. *Huston* v. *Mitchell*, 14 S. & R. 307. *Dodds* v. *Dodds*, 9 Penn. St. 315. *Abbe* v. *Rood*, 6 McLean, 106. *Derwort* v. *Loomer*, 21 Conn. 245. *Keller* v. *Scott*, 2 Sm. & M. 81. Nor employ associate counsel, save in the absence of his client. *Briggs* v. *Georgia*, 10 Vt. 68. Nor waive the right of inquisition. *Hadden* v. *Clark*, 2 Grant, 107. Nor accept service of summons. *Masterson* v. *Le Claire*, 4 Minn. 163. Nor consent to a judgment against his client. *People* v. *Lanborn*, 1 Scam. 123. **Nor**

enter a *retraxit*. *Lambert* v. *Sanford*, 2 Blackf. 137. Nor make an agreement for suspension of proceedings upon a judgment. *Pendexter* v. *Vernon*, 9 Humph. 84. Nor discharge a trustee. *Quarles* v. *Porter*, 12 Misso. 76. Nor give an extension of time upon a debt due to his client. *Lockhart* v. *Wyatt*, 10 Ala. 231. Nor transfer to another the property in a note committed to him for collection. Nor bind his client by an agreement to refund money overpaid. *Ireland* v. *Todd*, 36 Me. 149.

*J. L. Thorndike*, for the tenant.

GRAY, C. J. An attorney at law has authority, by virtue of his employment as such, to do in behalf of his client all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only, and not the cause of action ; and we can have no doubt that this in cludes the power to release an attachment, at least before judgment, which is all that this case requires us to consider. *Lewis* v. *Sumner*, 13 Met. 269. *Shores* v. *Caswell*, Ib. 413. *Wieland* v. *White*, 109 Mass. 392. *Jenney* v. *Delesdernier*, 20 Maine, 183. *Rice* v. *Wilkins*, 21 Maine, 558. *Pierce* v. *Strickland*, 2 Story, 292. *Levi* v. *Abbott*, 4 Exch. 588.

The act of the demandants' attorney was therefore within his professional authority, and bound his clients, and if it was fraudulent, their remedy must be sought against him, it being agreed that the other party was not cognizant of any fraud.

*Judgment on the verdict for the tenant.*