SARAH A. BENSON, administratrix, *vs.* ALBERT C. CARR.

Kennebec.    Opinion December 20, 1881.

*Attorney at law, authority of.    R. S., c. 81, § 66.*

An attorney at law, having control of a suit, has control of the remedy and the proceedings connected therewith and may release an attachment of real or personal property, and such release will bind his client as between such client and a party purchasing or taking a mortgage of such released estate on the strength of such release.

The object of R. S., c. 81, § 66, was not to restrict or annul the general authority of an attorney.    It leaves that untouched.

ON EXCEPTIONS.

Writ of entry for four-ninths of certain real estate in Winthrop, and for the rents and profits of the same from June 1, 1877. Writ was dated February 17, 1880. Plea, general issue and brief statement that the attachment in the suit in which the judgment was rendered upon which the levy was made, under which the plaintiff claims title, was fully discharged prior to the rendition of such judgment.

The material facts are stated in the opinion.

At the trial the presiding justice directed the jury to render a verdict for the plaintiff, which was done. To this ruling, exceptions were alleged.

*Baker and Baker, and L. C. Cornish,* for the plaintiff.

We maintain that the writing given by the attorney, purporting to release the attachment, was absolutely void.

Originally an attachment was only to secure appearance of the parties. *Hubbard* v. *Hamilton,* 7 Met. 342. But the colonial ordinance of 1650 added to or changed this and its spirit is found in R. S., c. 81, § 54. Thus an attachment, as securing a lien upon the property, is a creature of the statute; *Grosvenor* v. *Gold,* 9 Mass. 210. And the statutes provide the only methods of dissolving attachments. See R. S., c. 81, § § 64-73. The writing in question cannot operate as a release by any method provided by the statute, because it was not signed by the plaintiff.

To make this unsealed, unacknowledged and unrecorded instrument, signed by the attorney only, a valid release, is to render the statute provision nugatory.

The attorney had no authority from employment alone to release the attachment. This pretended release was without consideration, and therefore void. It was not under seal, and therefore cannot be permitted to contradict the record of the attachment. *Bachelder* v. *Perley*, 53 Maine, 414; Drake on Attachment, § 239; *Lyon* v. *Sanford* and others, 5 Conn. 544.

The writing was voidable by the plaintiff because it was obtained by fraudulent representations. Bigelow on Torts, 25, 26; *Mead* v. *Bunn*, 32 N. Y. 275; *McClellan* v. *Scott*, 24 Wis. 81; *Matlock* v. *Todd*, 19 Ind. 130; *Parham* v. *Randolph*, 6 How. (Miss.) 435; *Kiefer* v. *Rogers*, 19 Minn. 32; *Holland* v. *Anderson*, 38 Mo. 55; *Atwood* v. *Chapman*, 68 Maine, 38; *David* v. *Park*, 103 Mass. 501;

It could work no estoppel. Bigelow on Estoppel, 253, 255; *Lowell* v. *Daniels*, 2 Gray, 161; *Pierce* v. *Chace*, 108 Mass. 254; *Merriam* v. *R. R. Co.* 117 Mass. 241; *Hazard* v. *Irwin* 18 Pick. 95; *Partridge* v. *Messer*, 14 Gray, 180.

*J. H. Potter*, for the defendant, cited: *Davis* v. *Tibbetts*, 39 Maine, 279; *McLarren* v. *Thompson*, 40 Maine, 284; *Blodgett* v. *Chaplin*, 48 Maine, 322; *Forsyth* v. *Rowell*, 59 Maine, 131; *Moulton* v. *Bowker*, 115 Mass. 36; *Jenny* v. *Delesdernier*, 20 Maine, 183.

APPLETON, C. J. The plaintiff, on the seventh of October, 1870, commenced a suit against Luther Whitman, on which she caused an attachment of all his real estate. Judgment was rendered in this action at the August term, 1876, in this county, on which execution issued August 12, 1876, by virtue of which a levy was duly made on the real estate attached September 4, 1876.

If the case stopped here the plaintiff's right to recover would be unquestioned. But of the real estate attached, three lots were subject to mortgages. The attachment, as to these, was only of equities of redemption. Two of the mortgages were to Phineas Morrill and one to Levi Jones. The defendant, Whit-

man, was desirous of discharging these mortgages by a loan, secured by a mortgage, to be obtained from the Winthrop Savings Bank. To accomplish this it was necessary to procure a release of the plaintiff's attachments of the equities of redemption before mentioned. Accordingly, in June, 1872, the attorney of the plaintiff, knowing the purpose for which it was wanted, executed a release of the three lots before mentioned. Luther Whitman with this release procured the desired loan, and gave the savings bank a mortgage on the lots thus released, having, with the funds thus obtained, discharged the mortgages before mentioned.

The release, if the attorney could legally make it for his client, is valid, and if valid and binding on her, defeats the levy, which was made on the estates released and then mortgaged to the savings bank.

That the release is valid, if within the authority of the attorney, will not be questioned. Was it within his authority? An attorney at law has authority to release an attachment of real or personal estate before judgment. He may elect and control the remedy and the proceedings connected therewith. His clients are bound by what he does. *Jenny* v. *Delesdernier*, 20 Maine, 183; *Moulton* v. *Bowker*, 115 Mass. 36; *Pierce* v. *Strickland*, 2 Story, 292.

But it is urged that the release is without consideration and was obtained by fraud from the plaintiff's attorney. If there was no consideration or if there was fraud there is no pretence that the officers of the Winthrop Savings Bank were consuant of such facts. The release was given for the purpose of satisfying them that a loan might be safely made. The attorney making it knew the purpose for which it was wanted and the officers of the bank acted upon the release as valid. They acted in perfect good faith in loaning the money of the bank. If a loss is to ensue the loss should not fall on the bank. The release being valid, the bank acquired a good title by mortgage to the premises released. Having a good title, their conveyance, or that of the receiver, as between the plaintiff and the tenant, transferred a good title to the latter.

But it is insisted that the authority of the attorney has been modified and restricted by statute. In 1859 an "act (c. 62) to provide for recording discharges of attachments on real estate," was passed, which is found in R. S., c. 81, § 66. The object was, when an attachment was dissolved, to provide in certain cases for a record of such fact. It was not to restrict or annul the general authority of the attorney. It leaves that untouched. The purpose was to provide what should be recorded and being recorded should be notice to the public. The question here is between the plaintiff releasing by her attorney and a title acquired in good faith, in consequence of such release and by relying on the same. It might present a different question if the plaintiff had conveyed after her levy to a stranger without notice, who in his purchase had relied only on what appeared of record.

*Exceptions sustained. Verdict set aside.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.