MAUD HAHN *vs.* EDGAR LOKER.

Middlesex.   January 14, 1918. — February 26, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Attorney at Law. Agency,* Scope of authority. *Judgment,* Satisfaction of.

An attorney at law has no authority to bind his client by assenting to the discharge from arrest of a judgment debtor of the client without payment in full of the judgment, unless it was done with the personal knowledge and consent of the client as judgment creditor.

In the present case, where an attorney at law acting for a judgment creditor assented, without authority to do so, to the release from arrest of the judgment debtor after he had been brought before a court and before any hearing had been had, it was *said* that it was not necessary to consider whether, if the judgment creditor had been bound by the act of his attorney, the release would have satisfied the judgment so that no action could be maintained upon it.

CONTRACT for $513.14, upon a judgment recovered in an action of tort in the First District Court of Southern Middlesex, with costs and interest thereon. Writ in the First District Court of Southern Middlesex dated January 4, 1916.

The defendant's answer contained the following: "And further answering, this defendant says that on or about November 12, A. D. 1915, he was duly arrested upon the execution referred to in

the plaintiff's declaration, by a deputy sheriff of said county of Middlesex, George F. Leslie, and was thereafter on the same day voluntarily released from said arrest with the consent and by the order of the attorney for said Maud Hahn, wherefore this defendant says that said execution and judgment have been fully satisfied."

On appeal to the Superior Court the case was tried before *Chase*, J. It was admitted that the judgment had been recovered as alleged in the plaintiff's declaration and that the amount thereof with costs and interest was $513.14. The defendant put in evidence a certified copy of the execution in the action of tort, bearing upon it the return of the deputy sheriff which is quoted in the opinion. It was admitted that the execution had not been satisfied except as appeared in the return.

The defendant asked the judge to rule that upon all the evidence as a matter of law the plaintiff was not entitled to recover. The judge refused to make this ruling and found for the plaintiff in the sum of $513.14. The defendant alleged exceptions.

*W. R. Bigelow,* for the defendant.

*S. R. Cutler,* for the plaintiff.

CROSBY, J. The plaintiff recovered a judgment against the defendant in an action of tort; and on the execution issued thereon the defendant was arrested under the provisions of R. L. c. 168. The officer's return upon the execution is as follows:

"By virtue of this execution, and for want of goods, chattels lands or tenements, of the within named judgment debtor to be found by me, within my precinct, sufficient to satisfy the debt of the within named judgment creditor, I this day took the body of the said judgment debtor, Edward Loker, and had him in the court rooms of the Police Court of Newton in said County for a hearing before said court, and while waiting for the court to take up the case, by direction of Bernard F. Murphy, attorney for said judgment creditor, I left the said debtor Edward Loker, with his attorney, Mr. Bigelow, and the sureties for said hearings."

The present action is brought upon the judgment. It was admitted at the trial that the execution had not been satisfied "except as appeared in said return." The defendant contends that he was released by order of the creditor's attorney after he had been brought before the court, and before any hearing had

been had, and that such release amounted to a satisfaction of the judgment.

One decisive question is whether the judgment creditor would be bound by the action of his attorney in releasing the judgment debtor (if he was so released), in the absence of any evidence to show that such act of the attorney was with the personal knowledge and consent of the judgment creditor.

It is a general rule that "An attorney at law has authority, by virtue of his employment as such, to do in behalf of his client all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only, and not the cause of action." *Moulton* v. *Bowker,* 115 Mass. 36, 40. He has power to release an attachment before judgment, and do many other things incidental to the proceedings and necessary or advisable for the interest of his client. *Moulton* v. *Bowker,* *supra.* *Shattuck* v. *Bill,* 142 Mass. 56, 63, 64.

Notwithstanding the broad discretionary power vested generally in an attorney, in behalf of his client to do whatever is reasonably necessary to obtain judgment and to collect it afterwards, he cannot, by virtue of his employment, acknowledge satisfaction of a judgment except by payment in full. *Lewis* v. *Gamage,* 1 Pick. 347. *Shores* v. *Caswell,* 13 Met. 413. *Brown* v. *Kendall,* 8 Allen, 209. *Shattuck* v. *Bill,* 142 Mass. 56, 63. Nor has an attorney authority to bind his client by the discharge of a debtor from arrest except on payment in full of the judgment. *Brown* v. *Kendall,* *supra.* *Simonton* v. *Barrell,* 21 Wend. 362. *Kellogg* v. *Gilbert,* 10 Johns. 220; *S. C.* 6 Am. Dec. 335. *Hall* v. *Presnell,* 157 N. C. 290, 293. *Pomeroy* v. *Prescott,* 106 Maine, 401.

In *Anglo-American Land, Mortgage & Agency Co.* v. *Dyer,* 181 Mass. 593, at page 598, this court stated, "it is said that the weight of authority in this country seems to be against" the authority of an attorney at law by virtue of his employment to agree to a compromise of a suit out of court without his client's sanction. *Lewis* v. *Gamage,* *supra.* *Pomeroy* v. *Prescott,* *supra.* See also *New York, New Haven, & Hartford Railroad* v. *Martin,* 158 Mass. 313; *Brewer* v. *Casey,* 196 Mass. 384; *Gilman* v. *Cary,* 198 Mass. 318.

In the case at bar there is nothing to show that the plaintiff authorized or consented to the release of the judgment debtor, or

was present when he was so released, or that the plaintiff afterwards ratified the act of her attorney in this respect. Under these circumstances, the release of the judgment debtor is not a bar to the present action.

In view of the conclusion reached, it is unnecessary to decide whether the judgment would have been satisfied if the plaintiff had been bound by the act of her attorney. See *Crawford-Plummer Co.* v. *McCarthy,* 227 Mass. 350, and cases cited.

*Exceptions overruled.*