ARTHUR L. PRECIOUS *vs.* RICHARD O'ROURKE.

Middlesex.    January 9, 1930. — January 29, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Attorney at Law. Agency*, Scope of employment. *Contract*, Of compromise. *Judgment. Review.*

While an attorney at law acting under his general employment by the plaintiff in an action or suit has broad powers to do such things necessary or incidental to the prosecution and management of the litigation as affect the remedy and not the cause of action, it is not within his general powers to settle the plaintiff's cause of action by entering into a compromise agreement for judgment and judgment satisfied to be filed in the case.

When an attorney at law undertakes to bind his client by an agreement to compromise his client's substantial rights, the opposing party must ascertain at his peril whether the attorney has authority to make the settlement.

A judgment entered upon an unauthorized compromise agreement made by an attorney at law in settlement of his client's claim may be set aside upon a petition for review on the ground of lack of authority in the attorney to make the compromise on which it rests.

Although, upon the hearing of a petition for review of a judgment entered in the circumstances above described, it appears that the defendant paid to the attorney at law the amount of the judgment, if it also appears that the client did not know that the agreement was made for six months after the judgment was entered and received none

of the money paid to the attorney, it is proper to grant the petition for review without requiring the client to pay to the defendant the sum the defendant had paid to the attorney.

PETITION, filed on March 22, 1929, for review of a judgment.

The petition was heard in the Superior Court by *Green-halge*, J. Material facts found by him are stated in the opinion. He granted the petition and reported the case for determination by this court.

*J. F. A. Daly,* (*J. R. Fuller* with him,) for the respondent.

*F. W. Crocker,* (*T. W. Monroe* with him,) for the petitioner.

SANDERSON, J. This is a petition for writ of review of a judgment for the plaintiff entered in a case begun in the Superior Court by writ dated May 19, 1928, in which the petitioner, by his guardian and next friend, was the plaintiff. At the hearing on the petition it appeared that Arthur L. Precious, a minor, was injured in an automobile accident on November 4, 1927, in which a motor vehicle driven by the defendant was involved, and brought an action to recover for the injuries in which an attorney appeared of record for him. During the pendency of the action his attorney conferred with the attorney of record for the defendant in regard to a settlement, and the latter in behalf of the defendant agreed to pay the plaintiff $1,500 upon condition that he through his attorney would furnish the defendant with an agreement for judgment for that sum and agreement for judgment satisfied approved by the court, and a release signed by Arthur Precious, as guardian and next friend of the plaintiff of all claims against the defendant. The attorney for the plaintiff delivered to the attorney for the defendant an agreement for judgment in the sum offered, and a further agreement for judgment satisfied, both of which were signed by the attorney for the plaintiff and approved by the court. The attorney for the plaintiff also delivered to the attorney for the defendant a release in full of all demands, purporting to have been signed by Arthur Precious, guardian and next friend of the plaintiff. There appears of record in the action an

agreement for judgment in the sum of $1,500 without costs and a further agreement for judgment satisfied approved by the court, signed by both attorneys and filed June 5, 1928. No execution has issued on the judgment. The judge found that the attorney was employed by the guardian to represent the plaintiff and to bring an action in his behalf against the defendant for the injuries, and at the time of employment had no talk with the attorney as to what he should do or not do in handling the case. After about eight months the attorney for the plaintiff stated to the guardian that he had an offer of $500 in the case but that he did not take it. From that time until January, 1929, nothing was said between the guardian and the attorney about the case. The judge found on all the evidence that there was no specific authority given the attorney to make a settlement with the defendant; that when the settlement was made both the plaintiff and guardian were ignorant of the agreement for settlement; that neither of them signed the release and neither of them had any knowledge of the agreement or of any settlement or compromise until after the entries of judgment and judgment satisfied were made, and that at no time was the settlement or compromise ratified or confirmed. The attorney for the plaintiff paid no part of the money received by him to the plaintiff or his guardian. Neither the plaintiff nor guardian communicated with the attorney for the defendant or with the defendant himself until after the settlement had been made, and at no time did the defendant or his counsel have any reason to believe that the powers vested in the plaintiff's attorney were in any way restricted. The trial judge found that the plaintiff's attorney had the general powers vested in an attorney at law by virtue of his office as such. He ruled that this relationship, being the general relation of attorney and client, did not authorize the attorney, without the knowledge and consent of the client, to settle or compromise the case.

The trial judge ordered the writ of review to issue and at the request of the defendant reported the petition and his doings thereon to this court.

An attorney acting under his general employment has broad powers to do the things necessary or incidental to the prosecution and management of the case which affect the remedy and not the cause of action. *Lewis* v. *Gamage,* 1 Pick. 347. *Lewis* v. *Sumner,* 13 Met. 269. *Moulton* v. *Bowker,* 115 Mass. 36, 40. *Shattuck* v. *Bill,* 142 Mass. 56, 60, 63. *Steffe* v. *Old Colony Railroad,* 156 Mass. 262, 263. It was not within the general powers of the attorney employed to represent the plaintiff in the litigation to settle the plaintiff's cause of action by entering into the compromise agreement for judgment and judgment satisfied filed in the case. *United States* v. *Beebe,* 180 U. S. 343, 352. *Pomeroy* v. *Prescott,* 106 Maine, 401, 407. *Granger* v. *Batchelder,* 54 Vt. 248. See *Moulton* v. *Bowker, supra; New York, New Haven & Hartford Railroad* v. *Martin,* 158 Mass. 313, 317; *Anglo-American Land, Mortgage & Agency Co.* v. *Dyer,* 181 Mass. 593, 598; *Smith* v. *Abbott,* 221 Mass. 326, 330; *Hahn* v. *Loker,* 229 Mass. 363; *See* v. *Norris,* 234 Mass. 345, 349; *Barber-Colman Co.* v. *Magnano Corp.* 299 Fed. Rep. 401.

When the attorney undertakes to bind his client by an agreement to compromise his client's substantial rights, the opposing party must ascertain at his peril whether the attorney has authority to make the settlement. *Gibson* v. *Nelson,* 111 Minn. 183. Upon the facts stated in the record, the agreement made was not binding on the plaintiff either when made or when approved by the court and filed in the case as the basis for judgment. Upon the statement in the record the approval of the court must have been given without notice to the plaintiff or his guardian, or an opportunity for him to be heard. If at a hearing before the court a party has been given full opportunity to be heard, he cannot afterwards contend either that his counsel was without authority or that the settlement was not binding upon him. The judgment entered upon an unauthorized compromise agreement made by an attorney in settlement of his client's claim may be set aside on the ground of lack of authority in the attorney to make the compromise on which it rests. *Dalton* v. *West End Street Railway,* 159 Mass. 221. *United*

*States* v. *Beebe, supra.* The granting of a petition for writ of review is a matter resting largely in the discretion of the trial judge. *Sylvester* v. *Hubley,* 157 Mass. 306. *Burt* v. *Hodsdon,* 242 Mass. 302, 303. The plaintiff received none of the money paid his attorney by the defendant, and the judge was justified in not requiring him, as a condition of granting the petition, to pay the defendant the sum with which he had parted. In making this payment he must be held to have known that the agreements did not come within the implied authority of the attorney, and the defendant must be held to have taken the chance that it might later appear that the plaintiff was not bound by the settlement. The plaintiff's attorney had not been held out to the defendant as having any other or greater power than an attorney authorized to take charge of litigation for a client commonly has.

All questions argued have been considered, and in the order that a writ to review the judgment issue we find no error.

*Order that writ of review issue affirmed.*