W. A. ROBINSON, INC. *vs.* JOHN J. BURKE, JUNIOR.

Essex.　February 5, 1951. — July 31, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Contract,* By agent, Parties, Consideration, Construction. *Agency,* Agent's liability to third person, Agent's contract, Scope of authority or employment, Attorney at law. *Pleading, Civil,* Declaration, Admission of signature to instrument. *Letter. Attorney at Law. Practice, Civil,* Question of law or fact; Exceptions: whether error shown. *Evidence,* Book entry, Competency. *Error,* Whether error shown.

A letter, a copy whereof was annexed to the declaration in an action, purporting to be signed by the defendant and containing a promise on which the action was based, was "an instrument declared on" within G. L. (Ter. Ed.) c. 231, § 29, and the signature must be taken as admitted by the defendant in the absence of the specific denial of its genuineness and demand for its proof required by the statute.

Delivery of a letter signed by a defendant and addressed to the plaintiff's attorney was inferable from the fact that it was produced in court by the plaintiff.

By a letter addressed to the attorney for a creditor and stating that the signer as "agent of" the debtor had been "directed by" the debtor "to pay [certain sums] to you out of" the debtor's funds and that the letter "will notify you that I agree and promise to make such payments," the signer bound himself personally to make them if there was consideration for his promise.

There was consideration for a personal promise by an agent of a judgment debtor to make certain periodic payments to the judgment creditor in satisfaction of his claim where by reason of such promise the creditor undertook to and did forbear levying on an execution issued on the judgment.

As matter of law the attorney for the plaintiff in an action had authority to make in the plaintiff's behalf a contract with an agent of the defendant whereby, in consideration of a personal promise by the agent to make certain periodic payments in satisfaction of the plaintiff's claim, the attorney undertook to and did forbear levying on an execution obtained in the action.

Whether or not a promise made by an agent in a letter signed by him was a personal undertaking of his was a question of law for the trial judge.

Purported pages from a ledger book of a corporation, produced by a receiver of the corporation who testified that he had gotten them from

an accountant employed in its business, were admissible in evidence upon the making of the preliminary findings required by G. L. (Ter. Ed.) c. 233, § 78.

An exception to the exclusion of a question asked in direct examination of a witness must be overruled in the absence of an offer of proof to show the expected answer.

CONTRACT. Writ in the Superior Court dated July 8, 1947.

The action was tried before *Hurley, J.*

*C. L. Arnold,* for the defendant.

*C. C. Worth,* for the plaintiff.

WILLIAMS, J. The declaration in this action of contract alleges that "in consideration that the plaintiff would not press for immediate collection of the entire balance" owed to the plaintiff by Trawler Leretha, Inc., the defendant agreed in writing to pay this balance; that he has paid $1,250; and that the additional amount which he should have paid and now owes the plaintiff under the said agreement is $2,644.38. A copy of the writing declared on is annexed to the declaration and reads as follows.

"June 28, 1946

Edward C. Park, Esq.,
Withington, Cross, Park & McCann
Tremont Building
Boston, 8, Mass.

Dear Sir:

               Re: W. A. Robinson, Inc.
                 vs. Trawler Leretha, Inc.

As agent of Trawler Leretha, Inc. I have been directed by its president, Esau Levine, to pay to you out of the owner's net share of the proceeds of each trip of the said vessel the sum of Two Hundred Fifty Dollars ($250) or 50% of the owner's net proceeds, whichever is greater, and that such payments are to be made until the satisfaction of judgment agreed upon in this matter in the sum of $6,500. This will notify you that I agree and promise to make such payments.

               /s/ John J. Burke, Jr."

The answer is a general denial and payment. The defendant filed no specific denial of the genuineness of the signature and a demand for its proof under the provisions of G. L. (Ter. Ed.) c. 231, § 29. There was a verdict for the plaintiff. The defendant's bill of exceptions contains exceptions to the admission and exclusion of evidence, to the denial of requests for instructions and of his motion for a directed verdict, and to portions of the judge's charge.

There was evidence that the defendant was manager and treasurer of Sherman B. Ruth, Inc., a corporation engaged in the business of outfitting fishing vessels. Since 1944 it had outfitted a certain trawler named Leretha which was owned by Trawler Leretha, Inc. The defendant took over the management of this boat in May, 1946. The proceeds of each fishing trip were turned over to the bookkeeper of Sherman B. Ruth, Inc., who after paying the expenses of the trip and dividing a part of the profits on a percentage basis between crew and captain paid over the balance to the owner. For this service no compensation was received.

Sometime in June, 1946, the plaintiff brought an action in the Essex Superior Court against the owner of the trawler on a claim for labor and materials and on June 17 "trusteed" the defendant. "Just prior to June 28" the defendant talked over the telephone "with a man who said he was Edward C. Park and had quite a little talk, several times, concerning this claim." On July 3 an agreement for judgment for the plaintiff in the sum of $6,500 was filed in that action. Execution issued on July 8, and demand for payment thereunder was made on February 25, 1947, at which time five payments of $250 each had been received by the plaintiff in partial satisfaction of its judgment, one having been made by Trawler Leretha, Inc., before the agreement for judgment was filed and four thereafter by the defendant.

The trawler was sold by the United States marshal in March, 1947, and on April 9 a member of the firm of lawyers representing the plaintiff was appointed receiver of the corporation which owned the boat. He received from the accountant of the corporation certain papers including

ledger sheets which tended to show that fifty per cent of the owner's net proceeds of several of the trips made by the trawler exceeded $250. It is the contention of the plaintiff that the defendant has failed to pay the full amount to which the plaintiff is entitled under its alleged contract.

The letter dated June 28, 1946, was admitted in evidence subject to the exception of the defendant. It was, in our opinion, an "instrument declared on" and the signature "John J. Burke, Jr." must be "taken as admitted" to be the signature of the defendant under the provisions of G. L. (Ter. Ed.) c. 231, § 29. It was thus authenticated as a letter of the defendant. Its delivery to the named addressee Mr. Park, who was the attorney for the plaintiff, was inferable from the fact that it was produced in court by the plaintiff. *Ward* v. *Lewis*, 4 Pick. 518. *Whitaker* v. *Salisbury*, 15 Pick. 534. *Valentine* v. *Wheeler*, 116 Mass. 478. *Jones* v. *New York Life Ins. Co.* 168 Mass. 245. *Newell* v. *Rosenberg*, 275 Mass. 455, 461. There was no error in its admission.

It was a letter whereby the writer, although reciting that he was acting as agent, promised personally to make to the attorney for the plaintiff the payments which he had been directed by his principal to make. There is no rule of law which precludes an agent, who has been authorized by his principal to deliver the property of the principal to a third person, from personally contracting with that third person to deliver the property. It is said in the Restatement: Agency, § 342, "An agent who fails to deliver things given to him by his principal for another person is not thereby liable to such person, unless: (a) the agent, by a contract with the other . . . has agreed so to deliver them." In the accompanying comment it is further stated, "At any time, of course, the agent may contract with the other to hold on his account or to deliver the thing to him." Also in Mechem on Agency (2d ed.) § 1447, it is said, "In order to create a liability against the agent, it is necessary to show that he has in some way, in dealings with such third person, so recognized and assented to the appropriation of the money

to the latter as to create a privity between them." In our opinion the promise of the defendant was one which would ripen into a contract binding on him personally provided that there was consideration for the promise.

There was evidence that the plaintiff furnished consideration by forbearing to levy on its execution. The letter of the defendant containing his promise was dated June 28, 1946. The execution was issued on July 8, 1946. No demand for payment thereunder was made until February 25, 1947, and apparently no levy until some time thereafter. To supplement these facts there was evidence of the reason for this forbearance by the plaintiff to demand and levy contained in a letter of Mr. Park to the defendant dated January 18, 1947, a copy of which was introduced by the plaintiff. The letter read, "I have not received replies to my letters with reference to the Trawler Leretha, and have had no payments on account for a long time. This is, of course, not in accordance with the agreement upon which I undertook not to make a levy on the execution against the Trawler Leretha, Inc." At the time of the admission of the letter the judge instructed the jury to disregard the word "agreement" as being self serving. Omitting this word, the remainder of the letter, to which it appears there was no objection, contained a statement by the plaintiff's attorney that "I undertook not to make a levy on the execution." The statement, although hearsay, had probative value and was evidence from which the jury could find that the actual forbearance was in consideration of the defendant's promise.

There was undisputed evidence sufficient to show that, as matter of law, Mr. Park had authority to make the contract in question with the defendant. He was the attorney who had instituted for the plaintiff the action against Trawler Leretha, Inc. By virtue of his employment as attorney he had authority to do in behalf of his client what was necessary or incidental to the prosecution and management of the action so far as his acts affected the remedy and not the cause of action. *Moulton* v. *Bowker*, 115 Mass. 36, 40. *Precious* v. *O'Rourke*, 270 Mass. 305, 308, and cases cited.

*Friedberg* v. *Jablon*, 287 Mass. 510, 514–515. It was said in *Shattuck* v. *Bill*, 142 Mass. 56, 63–64, "he has control of the selection of the legal remedies and processes which he may deem most effectual in accomplishing his object," and in *Wieland* v. *White*, 109 Mass. 392, 394, "He may delay issuing an execution, and may stay proceedings upon it, if it be done honestly and with reasonable discretion." See also *Hahn* v. *Loker,* 229 Mass. 363, 365 (release of attachment before judgment); *Crossman* v. *Griggs*, 188 Mass. 156 (extension of time for paying costs).

From what has been said relating to the existence of a personal contract between the defendant and the plaintiff through its authorized attorney, there was no error in the denial of the defendant's motion for a directed verdict in his favor. We also find no error in the refusal to grant the defendant's following requests for instructions to the jury: "(4) The plaintiff cannot maintain this action unless the jury find that the letter declared on was the personal undertaking of the defendant. (5) If the jury find that the defendant was acting as agent of the Trawler Leretha, Inc., in writing the letter declared upon and not making any personal agreement, the plaintiff cannot recover." As to these requests the meaning to be attached to the written promise of the defendant was for the judge and not for the jury to determine. "(8). If the jury find that promises were exchanged between the defendant and Edward C. Park, the plaintiff cannot maintain an action based on them unless the jury further finds that Edward C. Park was acting as agent for the plaintiff and within the scope of his authority in making the promise to withhold legal action. (9) The sole fact that Edward C. Park was attorney for the plaintiff did not give him any authority to bind the plaintiff to a promise not to press for immediate collection of money due it from the Trawler Leretha, Inc. (10) The burden is on the plaintiff to establish by a fair preponderance of the creditable evidence that Edward C. Park had authority from it to enter into the contract declared upon. (12) Unless the jury find that the plaintiff was bound by the agreement made

by Edward C. Park, the defendant cannot be bound to any alleged contract with the plaintiff." These four requests are disposed of by what already has been said as to Mr. Park's authority.

Exceptions to that portion of the judge's charge wherein he instructed the jury as matter of law in respect to the construction to be given the defendant's written promise and to the extent of Mr. Park's authority are without merit for reasons already stated.

There remain for consideration exceptions to the admission of evidence offered by the plaintiff and to the exclusion of evidence offered by the defendant. For the purpose of proving the net proceeds to the owner from fishing trips made by the trawler after June 28, 1946, the plaintiff offered sheets of paper purporting to have been pages taken from the owner's ledger book. They were produced by the receiver of Trawler Leretha, Inc., who testified that he received them on demand from a person who the judge could find was an accountant employed in the business of the trawler. After examination of the records by the judge, he made the preliminary findings, required by G. L. (Ter. Ed.) c. 233, § 78, that the entries were made in good faith, in the regular course of business and before the action was begun. We think there was no error. *Riley* v. *Boehm*, 167 Mass. 183. *Lyman B. Brooks Co.* v. *Wilson*, 218 Mass. 205.

Evidence offered by the defendant, that he never bought any "merchandise, goods or labor or anything else from the plaintiff" and that the agreement "by which . . . [he] was to pay $250 for every trip" was different from the contract declared upon, was properly excluded. The issue to be decided was whether he made the specific contract in question. An inquiry to the defendant as to whether the signature to the letter was his was inadmissible, since he was bound by the admission to which we have already referred. The defendant was asked on direct examination by his counsel, apparently referring to the letter of June 28: "Did you on or about June 28, 1946, mail this paper as you see it here to Edward C. Park?" The question was excluded and the

defendant excepted. On the paper below the letter there was a typed statement which had not been admitted in evidence, and the import of the question seems to be whether the letter had been mailed with this statement annexed to it. In the absence of an offer of proof as to the expected answer we cannot say that the exclusion of the question was error. *Cook* v. *Enterprise Transportation Co.* 197 Mass. 7, 10. "It is the duty of the excepting party to show that harm has come to him by reason of the ruling of which he complains." *Posell* v. *Herscovitz,* 237 Mass. 513, 516.

*Exceptions overruled.*