# FRANCES ESTHER RAFTERY

## v.

# CHARLES W. COATES

(September 24, 1952)

CAVAN, J. This is an action of tort to recover for damages to the plaintiff's automobile, caused by the alleged negligence of the defendant.

With a general denial, the defendant further answers "that on June 8th, 1950, the defendant paid to the plaintiff and her attorney Harry N. Cushing, the sum of Four Hundred Fifty ($450.00 Dollars) which the plaintiff received in full settlement and satisfaction of the cause or causes of action in the plaintiff's writ and declaration; wherefor the defendant now owes the plaintiff nothing."

There was evidence that on May 27, 1950, the defendant smashed into the plaintiff's car, damaging it and causing personal injuries to the plaintiff; that the plaintiff, thereafter, engaged an attorney at law to represent her in the matter; that she gave no specific instructions to him; that, on June 8, 1950, her said attorney and the defendant held a conference, resulting in the attorney accepting $450.00 from the defendant, and giving in return an acknowledgment that the same was in full satisfaction of all claims and demands of the plaintiff; that the attorney deposited part of this sum in the plaintiff's bank account, and that the plaintiff believed same to be settlement of her personal injury claim.

There was also testimony that on July 5, 1950, the plaintiff collected from her insurer for the damages to her automobile, resulting from this accident; that she executed an assignment to her insurer of her property dam-

age claim, together with the authority to sue in her name, and that her attorney did not know that she collected from her insurer for property damage.

The foregoing is, in substance, the entire evidence reported.

The plaintiff duly filed the following requests for rulings:

"1. An attorney at law is ex officio authorized to do all acts necessary and incidental to the management of his client's cause which affect the remedy only.

2. An attorney at law is not ex officio authorized to do any act which affects his client's cause of action. *Moulton* v. *Bowker,* 115 Mass. 36, 40.

3. In the absence of specific delegation of that authority an attorney at law cannot compromise his client's cause of action.

4. When an attorney undertakes to bind his client by an agreement to compromise his client's substantial rights, the opposing party must ascertain at his peril whether the attorney has authority to make the settlement.
*Precious* v. *O'Rourke,* 270 Mass. 305 at 308.
*See also Hahn* v. *Loker,* 229 Mass. 363 at 365.

5. There is no evidence upon which the court may find that the plaintiff ratified her attorney's action."

The trial judge allowed plaintiff's requests numbered 1, 2, 3 and 4, and denied request numbered 5.

There was a finding for the defendant, and the judge made the following statement of finding of facts:

"The plaintiff and the defendant were involved in an automobile accident. The defendant had smashed into the plaintiff's car. Soon after the accident, the plaintiff, through her attorney, Harry N. Cushing, settled her claims with the defendant and the said Harry N. Cushing acknowledged the receipt of $450.00 in full settlement of all claims as a result of this accident, by writing a letter addressed to Charles W. Coates, said letter being Exhibit 1. The said Harry N. Cushing was the attorney for the

plaintiff and subsequently turned over to her some of the money he received after deducting his charges."

·The judge denied the plaintiff's request for ruling "that there is no evidence upon which the court may find that the plaintiff ratified her attorney's action," but in his finding of facts, he did not find that there had been ratification. There is nothing in the reported evidence from which a reasonable inference could be drawn that the plaintiff ratified the settlement between her attorney and the defendant.

The judge did find that "Soon after the accident, the plaintiff, through her attorney, Harry N. Cushing, settled her claims with the defendant and the said Harry N. Cushing acknowledged the receipt. . . ." This finding is the usual wording describing an attorney's act in the course of his general employment. It does not indicate the client's ratification of the act.

The settlement of the plaintiff's claim by her attorney was an act beyond his general employment. In *Precious* vs. *O'Rourke,* 270 Mass. 305, 308, it is stated "An attorney acting under his general employment has broad powers to do the things necessary or incidental to the prosecution and management of the case which affect the remedy and not the cause of action. *Lewis* v. *Gamage,* 1 Pick. 347, *Lewis* v. *Summer,* 13 Met. 269. *Moulton* v. *Bowker,* 115 Mass. 36, 40. *Shattuck* v. *Bill,* 142 Mass. 56, 60, 63. *Steffe* v. *Old Colony Railroad,* 156 Mass. 262, 263. It was not within the general powers of the attorney employed to represent the plaintiff in the litigation to settle the plaintiff's cause of action by entering into the compromise agreement for judgment and judgment satisfied filed in the case." See cases cited.

The plaintiff's fifth request, considered in connection with the general finding for the defendant, presents the question whether the evidence warranted a finding that the only apparent defense, namely, ratification by the plaintiff of her attorney's action in settling her claim against the defendant was established. The denial of this request was prejudicial error, since the evidence reported does not warrant a finding that such defense was established. *Sherman* v. *Sidman,* 300 Mass. 102, 105.

[41]

The finding for the defendant is to be vacated and a new trial ordered.

Ralph F. Roach, for the Plaintiff.

Samuel Pitchel, for the Defendant.