McGILL *v.* COLEMAN.

1. Attorney and Client—Escape of Debtor—Assent of Attorney Not Binding on Client.
    In an action against a judgment debtor and his sureties on the bond given for the jail limits, where the declaration counted upon an escape, the fact that plaintiff's attorney might have known of and assented to defendant's going beyond the limits would not amount to an assent upon the part of plaintiff, since an attorney has no authority by virtue of his employment to bind his client by the discharge of a debtor from arrest except on payment in full of the judgment.

2. Appeal and Error—Attorney and Client—Harmless Error.
    Where defendant failed to connect plaintiff with any efforts her attorney might have made in getting defendant out of the county, she was entitled to a directed verdict, and therefore defendant was not prejudiced by the submission to the jury of the question as to whether said attorney was connected with defendant's escape.

3. Attorney and Client—Contingent Fee—Lien on Judgment for Services—Discharge of Debtor.
    That plaintiff's attorney's compensation was to be one-half of what he recovered, would at most give him only a lien on the judgment for his services, and would give him no authority to discharge the debtor without payment in full of the judgment.

Error to Wayne; Webster (Arthur), J. Submitted February 1, 1921. (Docket No. 86.) Decided March 30, 1921.

Assumpsit by Carrie McGill against Frank Coleman, principal, and Robert G. Simpson and Donaldson Craig, sureties, on a bond. Judgment for plaintiff. Defendants bring error. Affirmed.

*Roy Herald* and *Henry B. Graves,* for appellants.

*Frank J. Riggs* (*J. M. Bennett,* of counsel), for appellee.

BIRD, J. Plaintiff recovered a judgment in the Wayne circuit court against defendant Coleman for $3,608.70, in an action of tort. The judgment was not paid and plaintiff took his body on a *capias ad satisfaciendum.* Soon thereafter defendant Coleman gave a bond for the jail limits, with defendants Simpson and Craig as sureties. A few months later Coleman went beyond the limits of the county of Wayne to examine some real estate. While he was outside of the county on this mission this suit on his bond was commenced against both him and his sureties. The declaration counted upon an escape. Upon the trial the defense was that Mr. Frank J. Riggs, the attorney who had acted for plaintiff in obtaining the judgment, had conspired with other parties to induce Coleman to go outside the county. Defendants offered no proofs. The case went to the jury and they returned a verdict for plaintiff for the full amount of her judgment.

1. It is insisted on behalf of defendant Craig that a judgment should have been directed for him in the trial court because of the activities of Riggs in getting Coleman outside the county. Without going into details it is sufficient to state that there was testimony from which the jury could have inferred that Mr. Riggs was a party to a scheme to get Mr. Coleman beyond the limits of the county.

Starting with this, counsel argue that Riggs was the agent of plaintiff, and whatever he did in connection with the affair was the act of the plaintiff and was tantamount upon her part to giving her consent that Coleman might go beyond the confines of the

county, and that if this were true no recovery could be had for an escape. The court was of the opinion that if Riggs, plaintiff's attorney, "assisted or connived at or procured or induced the defendant by persuasion or artifice, to go outside of the county," this would amount to an assent on the part of the plaintiff, and no recovery could be had.

The question as to whether plaintiff's attorney, Riggs, was connected with the affair was a disputed question and, therefore, was one for the jury. But we are of the opinion that the question as to whether Riggs had anything to do with the affair was an immaterial one unless plaintiff was connected with it in some way. She testified, and it was not disputed, that she knew nothing about the affair and that she had never authorized Mr. Riggs, or any one else, to arrange to get Coleman outside of the county. If this were true, and we assume it was because it is not questioned, we are of the opinion that whatever Riggs did in connection with getting Coleman beyond the limits of the county would not bind plaintiff. *Hahn* v. *Loker*, 229 Mass. 363 (118 N. E. 661, L. R. A. 1918D, 807); *Simonton* v. *Barrell*, 21 Wend. (N. Y.) 362; *Kellogg* v. *Gilbert*, 10 Johns. (N. Y.) 220 (6 Am. Dec. 335); *Jackson* v. *Bartlett*, 8 Johns. (N. Y.) 361; *Crary* v. *Turner*, 6 Johns. (N. Y.) 51.

See, also, *Hall* v. *Presnell*, 157 N. C. 290 (72 S. E. 985, 39 L. R. A. [N. S.] 62, Ann. Cas. 1913B, 1293).

The case of *Hahn* v. *Loker*, *supra*, was a case wherein a like question was determined and it was said:

"Notwithstanding the broad discretionary power vested generally in an attorney in behalf of his client, to do whatever is reasonably necessary to obtain judgment and to collect it afterwards, he cannot, by virtue of his employment, acknowledge satisfaction of a judgment except by payment in full. *Lewis* v. *Gamage*, 1 Pick. (Mass.) 347; *Shores* v. *Caswell*, 13 Metc. (Mass.) 413; *Brown* v. *Kendall*, 8 Allen

(Mass.), 209; *Shattuck* v. *Bill*, 142 Mass. 56 (7 N. E. 39). Nor has an attorney authority to bind his client by the discharge of a debtor from arrest except on payment in full of the judgment. *Brown* v. *Kendall, supra; Simonton* v. *Barrell, supra; Kellogg* v. *Gilbert, supra; Hall* v. *Presnell, supra; Pomeroy* v. *Prescott,* 106 Me. 401 (76 Atl. 898, 21 Ann. Cas. 574)."

In the earlier case of *Simonton* v. *Barrell, supra,* the same question was involved as here, and the court said in part:

"There is no doubt that, at common law, the judgment would have been extinguished by the consent of the plaintiff, on whatever terms, to discharge the defendant from this arrest. But it is equally well settled that the attorney for the plaintiff has no power to allow a discharge in virtue of his general authority, without the actual payment of the money. *Kellogg* v. *Gilbert, supra.*"

There being no testimony upon which a conclusion could be reached by the jury that the plaintiff had any knowledge of the acts of Riggs in connection with the affair, there was, under the cases cited, no question in the case for the jury. The trial court was of the opinion that if Riggs was engaged in the scheme to get Coleman outside of the county, it would bind plaintiff, and the question was submitted to the jury. They evidently by their verdict found that Riggs was not connected with his going. This submission to the jury and their findings did not change the situation. When the defendant failed to connect the plaintiff with any efforts made by Riggs in getting Coleman out of the county the testimony concerning the activity of Riggs should have been stricken from the case as immaterial. As the result reached by the verdict of the jury was essentially what the trial court should have directed, we can see no prejudicial error in submitting the question to the jury.

2. It appeared on the trial that Riggs' compensation

as attorney was measured by one-half of what he recovered. It is argued that this arrangement made him at least an equitable owner of one-half of the judgment and took the case out of the foregoing rule. We are not of the opinion that this would change the rule to be applied. There was no proof that Riggs owned the judgment or any part of it. It belonged to the plaintiff and she had the title thereto. The most that can be said is that Riggs had a lien on the judgment for his services. Inasmuch as the judgment belonged to plaintiff and no testimony was offered that she knew of or encouraged any effort to get Coleman outside the county, the testimony of her arrangement with Riggs concerning his compensation was immaterial. But even if it could be said that Riggs had the legal title to one-half of the judgment, the jury determined that he took no part in getting Coleman beyond the limits of the county, so in either event the question is foreclosed.

We think the conclusion reached was the proper one and the judgment will be affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.