SEITOVITZ v. LONDON.

1. JUDGMENT—AT COMMON LAW RELEASE OF JUDGMENT DEBTOR IN
   CUSTODY UNDER CAPIAS SATISFIED JUDGMENT.

   At common law, if one joint defendant was taken under a
   *capias ad satisfaciendum*, after recovery of judgment, his
   release, by the consent of the plaintiff, amounted to a satisfac-
   tion and discharge of the judgment as to all of the defendants.

2. ATTORNEY AND CLIENT—NO AUTHORITY OF ATTORNEY TO RELEASE
   JUDGMENT DEBTOR PRESUMED.

   There is no presumption that plaintiff's attorney has authority
   to release and satisfy judgment by consenting to the release
   and discharge of judgment debtor from custody under writ of
   *capias ad satisfaciendum*.

3. SAME—UNAUTHORIZED ACT OF PLAINTIFF'S ATTORNEY IN RELEAS-
   ING JUDGMENT DEBTOR DID NOT SATISFY JUDGMENT.

   Where plaintiff's attorney had no special authority from plain-
   tiff to release judgment debtor from custody under writ of
   *capias ad satisfaciendum* and thereby satisfy and discharge
   the judgment, action of said attorney in stipulating that judg-
   ment debtor should be released subject to payment of judg-
   ment within 30 days did not amount to satisfaction of the
   judgment.

Error to Wayne; Toms (Robert M.), J.   Sub-
mitted January 21, 1930.   (Docket No. 129, Calen-
dar No. 34,747.)   Decided March 6, 1930.

Action by Nathan Seitovitz against Benjamin H.
London and another, in which plaintiff recovered
judgment and had one of defendants arrested on
*capias ad satisfaciendum*.   On his release, defend-
ants moved for an order declaring the judgment sat-
isfied.   Motion denied.   Defendants bring error.
Affirmed.

On power of attorney to bind client by release of person or prop-
erty of debtor from process to enforce judgment, see annotation in
L. R. A. 1918D, 808.

*Wm. Henry Gallagher (John Panchuk,* of counsel), for plaintiff.

*Harry J. Lippman,* for defendants.

Potter, J. Plaintiff recovered judgment against defendants, sued out a *capias ad satisfaciendum,* and defendant Levin was thereupon arrested. Some question as to the validity of the writ having been raised, a stipulation was entered into as follows:

"State of Michigan—In the Circuit Court for the County of Wayne:

"Nathan Sietovitz et al.,
        Plaintiffs,
              vs.                    } No. 101,468
"Jacob Levin et al.,
        Defendants.

"Whereas a writ of *capias ad satisfaciendum* has been issued in the above entitled cause, and pursuant thereto the sheriff has taken the defendant, Jacob Levin, into custody, and,

"Whereas said defendant claims said writ was irregularly issued,

"Now, therefore, it is hereby agreed as follows:

"*First:* The plaintiffs will direct the release of said Levin but without prejudice.

"*Second:* Said Levin shall use his best endeavors to pay, or cause to be paid, said judgment within thirty (30) days.

"*Third:* If payment is not made within said time the sheriff may retake said Levin, unless meanwhile the illegality of said writ be established.

"*Fourth:* Said Levin shall be free at any time to contest the legality of said writ.

"Dated September 5th, 1929.

                    "Wm. Henry Gallagher,
                    "Attorney for Plaintiffs.
                    "Butzel, Levin & Winston,
                    "Attorneys for Defendants."

Defendant Levin was released by the sheriff in pursuance of this stipulation. Defendants now move for an order declaring the judgment rendered satisfied for the reason that plaintiff having taken one of the defendants into custody under a writ of *capias ad satisfaciendum,* and having thereafter voluntarily released him, there has, under the law, resulted a full satisfaction of the judgment against all defendants. The trial court refused to grant this motion, and defendants bring error.

It may be conceded that at common law if one joint defendant was taken under a *capias ad satisfaciendum,* his release, by the consent of the plaintiff, amounted to a satisfaction and discharge of the judgment.

"If a creditor give his debtor in execution permission to go at large, beyond the jail or its liberties, the judgment is absolutely discharged. (*Powers* v. *Wilson,* 7 Cow. [N. Y.] 274; *Lathrop* v. *Briggs,* 8 Cow. [N. Y.] 171; *Ransom* v. *Keyes,* 9 Cow. [N. Y.] 128; *Poucher* v. *Holley,* 3 Wend. [N. Y.] 184; *Kasson* v. *People, ex rel. Rease,* 44 Barb. [N. Y.] 347.) And this is so, even where the debtor agrees, in consideration of such permission, that he will still be bound by the judgment, and that the plaintiff may rearrest him on another execution, in case he does not pay the judgment. (*Yates* v. *Van Rensselaer,* 5 Johns. [N. Y.] 364; *Blackburn* v. *Stupart,* 2 East's Term Rep. [Eng.] 243; *Jaques* v. *Withy,* 1 Term Rep. [Durnford & East's] 557.) This rule has been maintained, inflexibly, by an unbroken current of authority, from a very early period to the present time." *Bonesteel* v. *Garlinghouse,* 60 Barb. (N. Y.) 338; 2 Tidds Practice (4th Am. Ed.), 1025; *Tanner* v. *Hague,* 7 Term Rep. (Durnford & East's) 420; *Vigers* v. *Aldrich,* 4 Burr. (Eng.) 2482; *Smith* v. *Rosecrantz,* 6 Johns. (N. Y.) 96; Freeman on Executions (3d Ed.), § 464.

"It is very well settled that if a creditor gives his debtor permission to go off the jail limits or to go at large, the right to imprison is gone, and the debtor cannot be again taken in execution for the same debt. * * * So, too, if the creditor consents to discharge one of several defendants, all of the defendants are discharged." *Vidrard* v. *Fradneburg*, 53 How. Prac. (N. Y.) 339.

There is no presumption plaintiff's attorney had authority to release and satisfy judgment by consenting to the release and discharge of defendant from custody under the writ. *Ransom* v. *Sutherland*, 46 Mich. 489; *Probate Judge* v. *Abbott*, 50 Mich. 278; *Fetz* v. *Leyendecker*, 157 Mich. 355.

Plaintiff's attorney had no special authority from plaintiff to release defendant and thereby satisfy and discharge the judgment.

"The offer was to show that the attorney for Bedell had permitted Mallory to be discharged from the *ca. sa.* The defendant was not concluded from this proof, by the circumstance of his having produced the judgment against the sheriff for the escape. * * * The great and decisive objection to the evidence offered, is, that it was of no avail, because the attorney to the plaintiff in the suit had no authority, from his general character, as attorney, to discharge the defendant from execution on *ca. sa.* until the money was paid. * * * There is no case in which that authority has been adjudged to belong to him, and it is against the nature and limitation of his trust. An attorney's authority determines with the judgment, or at least with the issuing of the execution within the year." *Jackson* v. *Bartlett*, 8 Johns. (N. Y.) 361.

"In the case of *Jackson* v. *Bartlett* (8 Johns. [N. Y.] 361), the court declared that the attorney on record for the plaintiff could not, by virtue of his

general character, as attorney, discharge a defendant from custody on execution, without satisfaction. There is no case to be found in which it has been adjudged that he had that power; though in *Payne* v. *Chute* (1 Roll. Rep. [Eng. K. B.] 365), the clerks said that it was the usual course for the attorneys of plaintiffs to acknowledge satisfaction although they receive nothing. What was meant by that expression does not distinctly appear, but it is impossible it could have meant that it was the usual course to discharge judgments without satisfaction rendered to the client, or without his consent. The question here is, whether the attorney can make a valid discharge of the defendant on execution, without the consent of the plaintiff, and without any satisfaction received either by the plaintiff or the attorney. In all the modern cases in which the question arose as to the right of taking a defendant a second time in execution, after he had been once taken and discharged on terms, the discharge is uniformly stated to have been by *the plaintiff*, or by his consent. (*Vigers* v. *Aldrich*, 4 Burr. [Eng.] 2482; *Thompson* v. *Bristow*, Barnes [Eng.], 205; *Jaques* v. *Withy*, 1 Term Rep. [Durnford & East's] 557; *Basset* v. *Salter*, 2 Mod. [Eng. K. B.] 136; *Clarke* v. *Clement and English*, 6 Term Rep. [Durnford & East's] 525; *Tanner* v. *Hague*, 7 Term Rep. [Durnford & East's] 420.) If it had been understood to be the law that the attorney, on his mere motion and pleasure, and without any special authority, or satisfaction, had power to do this, the books would not have been without some precedent to this effect.'' *Kellogg* v. *Gilbert*, 10 Johns. (N. Y.) 220 (6 Am. Dec. 335).

''There is no doubt that, at common law, the judgment would have been extinguished by the consent of the plaintiff, on whatever terms, to discharge the defendant from his arrest. But it is equally well settled, that the attorney for the plaintiff has no

power to allow a discharge in virtue of his general authority, without the actual payment of the money. *Kellogg* v. *Gilbert,* 10 Johns. (N. Y.) 220 (6 Am. Dec. 335). In the case before us, so far from any special authority in the attorney being shown, the record shows affirmatively that he had none; and that part of the record, too, was given in evidence by the defendant below." *Simonton* v. *Barrell,* 21 Wend. (N. Y.) 362.

In *McGill* v. *Coleman,* 214 Mich. 60, *Jackson* v. *Bartlett, supra, Simonton* v. *Barrell, supra, Kellogg* v. *Gilbert, supra,* and *Hahn* v. *Loker,* 229 Mass. 363 (118 N. E. 661, L. R. A. 1918D, 807), were expressly approved. The action of plaintiff's attorney did not, under the facts here involved, amount to a discharge and satisfaction of the judgment of plaintiff against defendants or either of them.

The action of the trial court is affirmed, with costs to plaintiff.

WIEST, C. J., and CLARK, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL and McDONALD, JJ., did not sit.