Per Curiam.

If the defendant in this case had a special property in the chattels replevied on account of any lien, then the issue ought to have been found for him ; for, in cases of lien, the special property must prevail, even against the owners, until such lien be discharged.
By the facts disclosed in the case before us, it appears that the defendant was the agent and factor of Fitch ; and of Stevens, the plaintiff, after the assignment to him ; and that, at the time the leather was replevied, the defendant was under liability, on account of his contract with Fitch, to a very large amount.
We think, that, by the general principles of law, he had a right to keep possession of all the goods purchased, until he should be reimbursed his advances, and secured against his liabilities. Indeed, such was the contract between the defendant and Fitch, which was adopted by the plaintiff, when he stepped into the place of Fitch. Notwithstanding, therefore, the defendant was not actually in advance at the time that a delivery of the leather was demanded by the plaintiff, we are satisfied that he was under no obligation to yield to that demand ; no indemnity being. offered him against his liability for the residue of the contract.
We consider it, therefore, immaterial to determine what balance was finally due from Fitch to the defendant. Whatever [ * 183] that balance may turn out to be, resulting from the first * contract, which came by assignment to the plaintiff, he has a right to exact, before he loses his control over the property.† As to any thing resulting from the second contract,‡ he will have no right *163 to retain against the plaintiff, having assented to the assignment, without claiming any right to hold for any thing which might be due to him from any subsequent agency for Fitch.

New trial granted.

 It is not apparent from the report, to what contract the Court here alludes.

 Foxcroft vs. Wood, 4 Rus 487. — Drinkwater vs. Goodwin, Cowp. 251. — Pultney vs. Keymer, 3 Esp. 182.—Hammond vs. Barclay, 2 East, 227. — King vs. Lee, 6 Price, 369.