JACOB FRIEDBERG *vs.* LOUIS JABLON & others.

Suffolk. December 6, 1933. — September 12, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Assignment. Practice, Civil,* Parties, Amendment. *Attorney at Law,* Scope of authority. *Agency,* Scope of authority.

While the attorney for the plaintiff in an action has broad powers by implication to do things affecting the remedy in connection with the management and prosecution of the action, he has no power, without specific authority from the plaintiff, to do things which impair the cause of action.

After the commencement of an action, the plaintiff made an assignment of his claim and of all his rights in the action, and the defendant was notified of the assignment. The attorney who had acted for the plaintiff continued to prosecute the action for the assignee in the plaintiff's name. Thereafter the writ was amended so as to add a second defendant, who never acquired actual knowledge of the assignment, and to describe the defendants as trustees of a certain "voluntary trust association." Subsequently, pursuant to an agreement between the attorney for the plaintiff and the attorney for the defendants, the plaintiff, without the knowledge of and without specific authority from the assignee, executed and delivered an instrument under seal prepared by his attorney, whereby he covenanted not to enforce judgment in the action against the second defendant, but reserved his rights against the trust and its property. Judgment later was entered in favor of the plaintiff against both defendants as trustees. In a suit in equity by the original defendant to enjoin the enforcement of the judgment, it was *held,* that

(1) The assignment transferred to the assignee all interest of the assignor in his claim and in the action at law, so that thereafter the assignor had no power to affect the assignee's rights by his covenant not to enforce the judgment against the second defendant;

(2) The amendment adding the second defendant in the action at law did not change the cause of action;

(3) It was not necessary to the protection of the assignee's rights that he be substituted as plaintiff in the action at law in place of the assignor;

(4) The plaintiff in the suit in equity was not aided by the circumstance that the same attorney who had brought the action at law for the assignor and who had continued to act for the assignee participated in the preparation and delivery of the instrument containing such covenant, because the attorney had no authority to bind the assignee by that instrument;

(5) That instrument was not binding on the assignee and did not release the plaintiff in the suit in equity from the judgment against him in the action at law;

(6) The suit could not be maintained.

BILL IN EQUITY, filed in the Superior Court on May 26, 1932, described in the opinion.

The suit was heard by *Weed,* J. Material findings by him and a final decree entered by his order are described in the opinion. The plaintiff appealed.

*N. Efron,* for the plaintiff.

*F. I. Rose,* for the defendants.

RUGG, C.J. This suit in equity is brought to restrain the enforcement of a judgment in an action of contract running in favor of the defendant DeSantis against the

present plaintiff and one Leo Dane as "Trustees of the Codman Park Trust, a voluntary Trust association." The defendants are DeSantis, two attorneys at law who were counsel of record for him in that action of contract, and Ernest Bucci, who has been allowed to intervene as a party. The trial judge filed a report of material facts. So far as pertinent to the grounds of this decision, they are these: The defendant DeSantis was the plaintiff in an action of contract entered in court in May, 1928, in which the present plaintiff was the defendant. On October 16, 1930, the writ in that action was amended so as to add Leo Dane as a defendant and to describe the defendants as trustees as already set forth. On October 30, 1930, an attachment of real estate of the defendants was made in that action. That action was tried to a jury and resulted in a verdict for the plaintiff in October, 1931. Exceptions were filed by the defendants, which were dismissed in March, 1932, under the rule. Motion then was made that the case be reported. Pending the determination of that motion, DeSantis executed and delivered an instrument under seal dated May 12, 1932, running to Leo Dane, covenanting and agreeing, in consideration of one dollar and of the "waiver of the motion that said action be reported," not to enforce the judgment to be entered in that case against Dane or his estate but reserving right to enforce it against the Codman Park Trust and its assets. On May 24, 1932, that case went to judgment and execution issued in common form.

In June, 1930, DeSantis, being about to leave the Commonwealth, for a valuable consideration assigned his claim against the present plaintiff and all his rights under the action at law then pending, in which he was plaintiff and the present plaintiff was the defendant, to Ernest Bucci. The same attorney who had acted for DeSantis continued to prosecute that action for Bucci. The defendant in that action, being the present plaintiff, was notified in writing of that assignment, as was also his attorney. Leo Dane, not being then a party to that action, was not notified and never had actual knowledge of that assignment. There

was no evidence that Bucci knew of or authorized the instrument under seal given by DeSantis to Dane dated May 12, 1932. On March 10, 1931, the plaintiff and Dane, as trustees named as defendants in the contract action, gave a bond to the plaintiff DeSantis to dissolve the real estate attachment. Action was brought on that bond in June, 1932, against the surety, and subsequently the principals were joined as defendants. Those three defendants have pleaded in defence the instrument of May 12, 1932, signed by DeSantis and running to Leo Dane.

A final decree was entered dismissing the bill but without prejudice to the rights of the defendants in the action on the attachment bond to rely on the instrument signed by DeSantis under date of May 12, 1932, or to the right of Bucci to assert his claim against the Codman Park Trust and its assets. The plaintiff appealed.

The evidence is not reported. The facts stated in the report made by the trial judge must be accepted as true unless mutually inconsistent. The question is whether the decree is within the scope of the bill and rightly could have been entered on the facts. *Brodrick* v. *O'Connor*, 271 Mass. 240.

The assignment by DeSantis of his claim and the pending action thereon against the present plaintiff to Bucci in equity divested him of all interest therein and transferred it to Bucci. The present plaintiff and his attorney received immediate notice of that assignment. DeSantis thereafter was without power to do anything to affect that claim or action. His instrument of May 12, 1932, executed almost two years subsequent to the assignment, was ineffective to alter or modify the rights of Bucci acquired by virtue of the assignment. *Norcross* v. *Pease*, 5 Allen, 331. *Matthew Cummings Co.* v. *Grande*, 281 Mass. 546, 550. *Commercial Casualty Ins. Co.* v. *Murphy*, 282 Mass. 100, 104. *O'Gasapian* v. *Danielson*, 284 Mass. 27. G. L. (Ter. Ed.) c. 231, § 5. The later amendment of that action by adding Dane as a defendant did not change the cause of action. It remained identical with the one described in the assignment. *Shapiro* v. *McCarthy*, 279 Mass. 425, 428.

*Ames* v. *Beal,* 284 Mass. 56.   It was not necessary that
after the assignment Bucci should be substituted for De-
Santis as party plaintiff.   *Becker* v. *Eastern Massachusetts
Street Railway,* 279 Mass. 435, 442.

The circumstance that the same attorney who had
brought the action at law for DeSantis, and who continued
to act for Bucci in prosecuting that action, participated in
the drafting and delivery of the instrument signed by De-
Santis under date of May 12, 1932, does not aid the plain-
tiff in the present suit.   The specific finding by the trial
judge on this point is that the attorney for the defendants
in that action was disturbed lest Dane might be held per-
sonally on a judgment for the plaintiff to be entered in
that action, that the attorney representing the plaintiff
stated that he would agree that the execution based on such
judgment should not be enforced against Dane personally
but only against the property of the trust, and that there-
after the instrument was drafted, signed and delivered.
"No evidence was offered to warrant a finding that the
defendant Rose [the attorney for the plaintiff] in bad
faith and purposely concealed the existence of said assign-
ment at the time when the motion to report the case was
discussed and the release was prepared and executed.
Rather it is a reasonable inference that none of the parties
had in mind the assignment at that time.   Rose is a young
attorney. . . . Friedberg [the present plaintiff] is a lawyer
of experience. . . . Friedberg testified that he thought that
by taking the release to Dane, he (Friedberg) would be
released and that relying thereon he intended to bring this
bill to enjoin the enforcement of the judgment" in that
action.

These facts utterly fail to show that Mr. Rose bound or
had authority to bind Bucci in delivering the instrument
of May 12, 1932, signed by DeSantis, in face of the cate-
gorical finding already recited that Bucci did not know
of nor authorize that instrument.   While an attorney has
broad powers in respect to the management and prosecu-
tion of a case affecting the remedy, he cannot do things
which impair the cause of action without specific authority

from his client. *Precious* v. *O'Rourke*, 270 Mass. 305, 308, and cases collected. *Pickert* v. *Hair*, 146 Mass. 1. *Butter* v. *Sovrensky*, 275 Mass. 88, 90–91. The trial judge ruled rightly that the instrument signed and delivered by DeSantis did not bind Bucci nor operate to release the present plaintiff from the judgment in the action at law.

It is not necessary to discuss at further length the arguments put forward in behalf of the plaintiff. It is plain upon the facts disclosed that he fails to establish any ground for equitable relief.

*Decree affirmed with costs.*