Tony George Arwshan & another *vs.* Najeeb N. Meshaka.

Suffolk.     May 21, 24, 1934. — September 21, 1934.

Present: Rugg, C.J., Crosby, Field, Donahue, & Lummus, JJ.

*Equity Jurisdiction*, Accounting. *Equity Pleading and Practice*, Parties, Decree, Appeal. *Assignment.*

In a suit in equity for an accounting, wherein there was a determination of an amount due to the defendant from the plaintiff, an assignment by the defendant to his counsel of his claim against the plaintiff while the suit was pending did not cause that claim to abate.

In a suit in equity by the owner of land for an accounting against one who had managed it for the plaintiff under a power of attorney under seal, a final decree, which adjudged that the plaintiff owed the defendant a certain amount of money by reason of obligations which

the defendant personally had assumed to others for labor and .materials in erecting a building upon the land, which obligations also were binding on the defendant, should further order that payment of such sums by the plaintiff to the defendant be conditional upon the plaintiff being protected against the danger of having also to pay such sums to the obligees.

Where an error in an interlocutory decree sustaining an exception to a master's report in a suit in equity affects the final decree, an appeal from the final decree opens both decrees for correction in this court although there is no appeal from the interlocutory decree.

BILL IN EQUITY, filed in the Superior Court on January 27, 1933, and described in the opinion.

The suit was referred to a master. Material facts found by him are stated in the opinion. Exceptions to the master's report were heard by *Greenhalge*, J., by whose order there was entered an interlocutory decree sustaining the exception of the defendant, described in the opinion. A final decree was entered by order of *Whiting*, J. The plaintiffs appealed from the final decree only.

*A. Saxe*, for the plaintiffs, submitted a brief.

*H. M. Lichtenstein*, for the defendant.

LUMMUS, J. This is a bill for an accounting, brought by the owners of land against one who managed it for them under a sealed power of attorney. A master found that there was due from the plaintiffs to the defendant a balance of $3,449.44, of which $1,461.38 consisted of obligations to various persons for labor and materials in: erecting a building on the land for which the defendant had incurred personal liability but which he had not paid. The master found that the defendant is entitled to this balance only upon payment of "the existing unpaid obligations incurred by him." The judge sustained the defendant's exception to the master's report, based on his objection numbered 1, to the foregoing condition of the defendant's right to payment of the balance, and awarded the defendant $3,449.44 unconditionally. The plaintiffs appealed from the final decree.

The plaintiffs contend that because the defendant, *pendente lite*, assigned his claim against them to his counsel conducting the present suit, the claim of the defendant

abates, he no longer having any claim to relief. It is true, that under the original equity practice a complete assign- ment *pendente lite* by a sole plaintiff did abate a suit in the sense that it could not be further prosecuted until the assignee, by bringing an original bill in the nature of a supplemental bill, substituted himself as plaintiff. *Fulton* v. *Greacen,* 17 Stew. (N. J.) 443. *Campbell* v. *New York,* 35 Fed. Rep. 14. *Pittsburgh, Shawmut & Northern Railroad* v. *Fiske,* 178 Fed. Rep. 66. *Carson* v. *American Smelting & Refining Co.* 11 Fed. Rep. (2d) 764. *Doak* v. *Hamilton,* 15 Fed. Rep. (2d) 774, 777. But the learning once expended on that point of practice is now obsolete. A simple amend- ment now suffices to bring in the assignee as a party and to substitute him for the plaintiff. Rule 16 of the Superior Court (1932). Equity Rule 21 (252 Mass. 606). Even that, in the present case, would be the merest form. In a bill for an accounting, both parties in a sense are actors, and relief may be given either way, without any need of counterclaim. *Hale* v. *Hillcrest Realty Co. Inc.* 276 Mass. 63, 71. An assignment by one party does not put him out of the case, for both parties remain entitled to have his liability or nonliability determined by the decree. In a case where, as in the present case, the defendant sought affirmative relief and assigned its claim *pendente lite,* it was said, "an assignment by a defendant of his interest in a litigation does not necessarily defeat a suit. His as- signee taking *pendente lite* is bound by what is done against him. The assignee may, at his own election, come in by an appropriate application, and make himself a party, so as to assume the burden of the litigation in his own name, or he may act in the name of his assignor. A *pendente lite* assignment carries with it an implied license by the assignor for the use of his name in the cause by the as- signee to protect the rights assigned. Of this, the plain- tiffs in the action cannot complain, because the assignee is bound by all that is done, whether a party by name or not." *Ex parte South & North Railroad* 95 U. S. 221, 226. This answers completely the objection made by the plain- tiffs. See also *Stone* v. *Jenkins,* 176 Mass. 544; *Henri*

*Peladeau, Lte.* v. *Fred Gillespie Lumber Co.* 285 Mass. 10; *Rogers* v. *Murch,* 253 Mass. 467, 470, 471; *Friedberg* v. *Jablon,* 287 Mass. 510, 513–514; *State of Russia* v. *National City Bank of New York,* 69 Fed. Rep. (2d) 44.

The important question is whether the defendant can require payment to him of amounts for which he has become obligated but which he has not yet paid. Where damages include indemnity against expense occasioned by a wrong, as in cases of bodily injury through negligence, a plaintiff may recover for obligations incurred whether he has satisfied them or not. *Sibley* v. *Nason,* 196 Mass. 125, 131. *Driscoll* v. *Gaffey,* 207 Mass. 102, 108. *Cassidy* v. *Constantine,* 269 Mass. 56. *Malloy* v. *Carroll,* 287 Mass. 376, 387. In such cases, the party paying the damages is not directly liable upon the obligations, and is in no danger of being twice mulcted even though the plaintiff fail to satisfy them. In this case, however, contracts made by the agent appear to be binding on the principals, and the agent may not require payment to him without satisfying his obligations. *Brown* v. *Mechanics & Traders' Bank,* 16 App. Div. (N. Y.) 207, cited with apparent approval in *Schubert* v. *August Schubert Wagon Co.* 249 N. Y. 253, 258. *Walkof* v. *Fox,* 90 Misc. (N. Y.) 338. *Brand* v. *Henderson,* 107 Ill. 141, 146, 147. Compare *Hornblower* v. *Abbot,* 252 Mass. 291, 299. There was error in sustaining the exception to the master's report, and in ordering payment of the entire sum of $3,449.44 without protecting the plaintiffs against the danger of having to pay a part of it a second time. The finding is that "the obligation to pay these bills [for $1,461.38] was assumed by the defendant." Although there was no appeal from the interlocutory decree sustaining the exception to the master's report, the error in that decree affected the final decree, and the appeal from the latter decree opened both decrees. G. L. (Ter. Ed.) c. 214, § 27. *Cawley* v. *Jean,* 189 Mass. 220, 227. Compare *Canning's Case,* 283 Mass. 196, 199.

Nothing here decided affects the equitable right of an agent to require the principal to discharge the unpaid obligations directly, and thus relieve the agent from lia-

bility (*Evans, Coleman & Evans, Ltd.* v. *Pistorino*, 245 Mass. 94, 100), or the right of an agent to retain goods of the principal until such obligations have been discharged. *Stevens* v. *Robins*, 12 Mass. 179. *Vail* v. *Durant*, 7 Allen, 408, 409. No such rights are set up in the bill or the answer, or dealt with in the decree.

> *Interlocutory decree modified by overruling defendant's exception based on his objection numbered 1.*
>
> *Final decree reversed.*
>
> *Case remanded to the Superior Court for the entry of a new decree not inconsistent with this opinion.*