Chester A. MILEWSKI, Plaintiff,

v.

ROFLAN COMPANY, Defendant.

Civ. A. No. 59–705–C.

United States District Court
D. Massachusetts.

June 13, 1961.

Maurice F. Maher, Boston, Mass., for plaintiff.

Martin W. Cohen, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action of contract brought by Chester A. Milewski, a citizen of the State of New Jersey, against The Roflan Company, a corporation organized under the laws of the Commonwealth of Massachusetts, with a principal place of business located in Topsfield, Massachusetts. Plaintiff alleges that the matter in controversy exceeds the sum of $10,000 and bases his action upon an alleged written agreement executed by the parties on or about June 24, 1955, under the terms of which plaintiff claims that he was to act as exclusive sales representative for the defendant corporation in the Philadelphia area. Plaintiff alleges performance on his part and breach on the part of the defendant.

The defendant has answered, in substance has denied plaintiff's affirmative allegations, and has counterclaimed for damages based on an alleged breach of loyalty on the part of plaintiff.

The action was filed on September 11, 1959, and thereafter the parties through their counsel engaged in certain pretrial discovery, consisting of the filing and answering of interrogatories, filing and argument of motions, etc. On December 7, 1960, the plaintiff and the president of the defendant corporation, with their respective attorneys, met at the courthouse in Springfield, Massachusetts, for the purpose of taking the deposition of the plaintiff. A stenographer was present for this purpose. Prior to the commencement of the actual taking of the deposition, a conference took place between Attorneys Sokol and Teahan, the then attorneys of record for plaintiff, and Attorney Cohen, counsel for defendant. The attorneys discussed the possible out-of-court settlement of this case. After this conference the attorneys conferred with their respective clients for some period and then returned for a further discussion amongst the attorneys. After this second conference among the attorneys they again returned to their respective clients, each of whom was physically present in the courthouse, and after the second conference between the attorneys and their respective clients, a third and final conference of the attorneys alone took place. At this final conference, Attorney Teahan informed Attorney Cohen that the plaintiff would accept Two Thousand Dollars ($2,000) in full settlement of the case, and the attorneys agreed that papers would be executed disposing of both the claim and the counterclaim. It was further agreed that the necessary papers and releases would be prepared by Attorney Cohen.

Thereafter, Attorney Cohen, after conferring with the deputy clerk of this court, prepared releases and an agreement for judgment, and forwarded same to Attorney Sokol. These papers were never returned, executed or unexecuted, to Attorney Cohen. After some period of time Attorney Sokol advised Attorney Cohen that his client was busy and stated that the papers would be returned in a week or so. As time went by, plaintiff refused to execute the papers, and Attorneys Sokol and Teahan withdrew their appearances as counsel for the plaintiff, Attorney Sokol specifically basing his motion for leave to withdraw his appearance on the fact that the plaintiff had failed to cooperate with him.

The defendant has filed a motion for judgment in which it seeks in effect an order requiring the plaintiff to accept the $2,000 tendered by defendant in full settlement of the case and an order directing plaintiff to execute a release of his cause of action in exchange therefor. It is defendant's position that the various conferences above-described amount to a contractual undertaking on the part

of plaintiff to compromise this litigation in consideration of a cash payment of $2,000. Plaintiff now resists the motion on the grounds of lack of authority on the part of Attorneys Sokol and Teahan to bind him to such an undertaking. Defendant's counsel filed a memorandum of law in support of the motion for judgment, but cited no Massachusetts cases which tend to establish the authority of Attorneys Sokol and Teahan to bind the plaintiff by the oral agreement of settlement of the case which they made with Attorney Cohen.

I find as a fact that Attorney Cohen was informed on December 7, 1960, by Attorneys Sokol and Teahan, that the plaintiff had agreed to settle the case for $2,000. I likewise find that Attorneys Sokol and Teahan were acting in good faith on their part in so advising Attorney Cohen. I rule that whether or not an enforceable contract was made is a matter to be determined by the law of the Commonwealth of Massachusetts. In Hahn v. Loker, 229 Mass. 363, at page 365, 118 N.E. 661, at page 662, L.R.A. 1918D, 807, the Massachusetts Supreme Judicial Court stated:

> " 'The weight of authority in this country seems to be against' the authority of an attorney at law by virtue of his employment to agree to a compromise of a suit out of court without his client's sanction."

This position was reiterated in a more forceful manner in Precious v. O'Rourke, 270 Mass. 305, at page 308, 170 N.E. 110, at page 111, where the Massachusetts court said:

> "It was not within the general powers of the attorney employed to represent the plaintiff in the litigation to settle the plaintiff's cause of action by entering into the compromise agreement for judgment and judgment satisfied filed in the case * * *. When the attorney undertakes to bind his client by an agreement to compromise his client's substantial rights, the opposing party must ascertain at his peril whether

the attorney has the authority to make the settlement."

To the same effect, see Friedberg v. Jablon, 287 Mass. 510, at page 514, 192 N.E. 49, at page 51, where the court said,

> "[An attorney] cannot do things which impair the cause of action without specific authority from his client."

In the absence of any evidence that the $2,000 figure was approved by the plaintiff, or that the plaintiff was a party to the conversation between the attorneys at the time the $2,000 settlement was agreed upon by the attorneys, and in the absence of any evidence of ratification or adoption of the settlement by the plaintiff, the motion for judgment upon the alleged agreement to compromise must be denied.