STAN CROSS BUICK, INC. *vs.* CONCORD AUTO AUCTION, INC.

Middlesex.   November 5, 1965. — December 30, 1965.

Present: SPALDING, WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Guaranty.   Warranty.   Sale,* Warranty.   *Damages,* For breach of warranty.   *Contract,* Limitation of time for suit.

In a document signed by a seller and the buyer of an automobile and a third party, entitled "Title Warranty and Bill of Sale" and referring to "the Title Warranty of" the third party and to claims under "this Warranty," a provision that the third party "guarantees the title" of the seller to the automobile constituted a warranty of title on which the buyer could sue the third party directly in the event of a defective title, and not merely a guaranty that in that event the third party would pay if the seller did not pay.   [16]

Upon a sale of an automobile by one not having title to it and recovery of judgment against the buyer by the real owner for conversion of the automobile, payment of the judgment by the buyer was immaterial to his right to recover against one who had warranted to him the seller's title.   [16]

In an agreement whereby a buyer of an automobile obtained a warranty of the title of the seller, who in fact did not have title, a provision requiring notification of the warrantor "in case any claim is made by any person regarding any lien or otherwise affecting the title to" the automobile did not apply to a proceeding brought to enforce collection of a judgment recovered against the buyer by the real owner of the automobile for conversion thereof.   [16]

A provision in a warranty of the title of the seller upon a sale of an automobile, that the warranty would "expire and become void fifty months after" the date of the sale, did not limit the time for bringing an action on the warranty and did not preclude an action brought thereon after the expiration of such fifty months where the seller in fact did not have title to the automobile so that there was an immediate breach of the warranty when the sale was made.   [16–17]

CONTRACT.   Writ in the District Court of Central Middlesex dated November 14, 1962.

Upon removal to the Superior Court the action was heard by *Good,* J.

*Arthur E. Nicholson* for the plaintiff.

*James F. Martin,* for the defendant, submitted a brief.

SPIEGEL, J.   This is an action of contract to recover damages for an alleged breach of a warranty of title.   A judge of the Superior Court made a "finding" constituting an order for judgment for the defendant from which the plaintiff appeals.

The action was tried on an "agreed statement of facts." Commercial Credit Corporation (Commercial), the owner of a certain 1957 Ford automobile, stored the vehicle on the premises of one Lloyd, an automobile dealer in Maine. Lloyd brought the automobile to the defendant Concord Auto Auction, Inc. (Concord) in Massachusetts and paid Concord $10 to "cry" the vehicle.   On April 15, 1958, the automobile was sold and delivered to the plaintiff Stan Cross Buick, Inc. (Stan Cross) which "paid one thousand six hundred eighty dollars ($1,680.00) to said Robert Lloyd and paid five dollars ($5.00) to defendant corporation, Concord Auto Auction, Inc."   Concord furnished a form bearing the caption, "Title Warranty and Bill of Sale" which was signed by Lloyd as seller, by Stan Cross as buyer, and by Concord as the guarantor of the buyer's title.   The following day Stan Cross sold the car to a third party for $1,780.   Two weeks later Commercial learned of the sale to Stan Cross and requested Stan Cross and Concord to return the automobile.   On February 4, 1959, Commercial brought an action of tort for conversion against Stan Cross and Concord.   In accordance with the decision of this court in *Commercial Credit Corp.* v. *Stan Cross Buick, Inc.* 343 Mass. 622, a judgment was entered for Commercial in the amount of $2,489.35 as against Stan Cross and a judgment was entered for Concord.   The judgment not being satisfied, on a petition filed by Commercial, a receiver was appointed for Stan Cross.   Concord was not notified of this proceeding.   "Stan Cross . . . has not satisfied in any part the judgment held by Commercial . . . against it."

Stan Cross contends that Concord is liable for breach of its agreement which reads in part: "The undersigned Auction Company . . . guarantees the title to the above described vehicle to be as shown herein."   Concord argues

that its "only liability can be as guarantor that it will pay if the primary debtor does not, after a reasonable attempt has been made to recover against him and the guarantor's chance of recovery, if it pays, has not been prejudiced."

We note that the agreement refers to "the Title Warranty of the named Auction Company," and makes provision for the subrogation of the buyer's claim against the seller "[o]n payment of any claim arising under this Warranty, either by the Auction Company or its insurer." The agreement guarantees the title; it does not guarantee payment by the seller if the title is defective. Consequently, we are of opinion that the guaranty constituted a warranty on which the buyer could sue directly. See *Raymond Syndicate, Inc.* v. *American Radio & Research Corp.* 263 Mass. 147, 152.

Stan Cross also contends that Concord is liable for the $2,489.35 judgment entered against it. Concord argues that because Stan Cross made no payments on the judgment it did not sustain any actual loss and therefore there can be no recovery. We do not agree. "Where damages include indemnity against expense occasioned by a wrong . . . a plaintiff may recover for obligations incurred whether he has satisfied them or not." *Arwshan* v. *Meshaka*, 288 Mass. 31, 34. See *Jenkins* v. *General Acc. Fire & Life Assur. Corp. Ltd.*, 349 Mass. 699.

Concord also argues that "it was necessary that . . . [it] be informed when the receivership proceedings were instituted by Commercial against the plaintiff," since a term of the agreement required notification "[i]n case any claim is made by any person regarding any lien or otherwise affecting the title to this vehicle, whether by suit or otherwise." This argument is not tenable, because the receivership proceeding was merely to collect on a judgment and did not affect the title to the automobile.

Finally, Concord argues that the judge was warranted in ordering judgment for it because this action was instituted more than fifty months after the date of the sale of the car. In support of this contention Concord refers to the title

warranty provision that "The liability of the Auction Company named on the face of this Title Warranty and Bill of Sale shall be limited to the sale price of the vehicle, and the amount payable hereunder shall be reduced on account of depreciation by deducting from the sale price 2% thereof on the first of each month following the sale date as shown on the face of this instrument; and this Warranty will expire and become void fifty months after said date."

We perceive nothing in this provision limiting the time when an action must be brought. The contract provision merely guarantees the title for a period of fifty months. Title to the automobile was defective when the sale was made and therefore there was an immediate breach of the warranty. Concord knew of this breach within two weeks from the date of the sale by reason of the true owner's request of both Stan Cross and Concord for the return of the car.

From the foregoing it is clear that Concord is liable on its warranty. This obligation, however, is expressly "limited to the sale price of the vehicle." Accordingly, the order for judgment is reversed and an order for judgment is to be entered for the plaintiff in the sum of $1,680.

*So ordered.*