*Southern District*

No. 70

FRANCIS A. HARTWELL, JR. PPA

v.

LEON PAISNER

Argued: Oct. 10, 1973   Decided: Dec. 31, 1973

*Present:* Murphy, P.J., Lee, Covett, JJ.

Case tried to *King, J.,* in the Municipal Court of Brookline. Docket number: R 795.

**Murphy, P.J.**   This is a remanded tort action to recover damages as a result of injuries sustained in a collision of automobiles on February 9, 1972 on Longwood Avenue, Brookline, Massachusetts. It was alleged by

the plaintiff that this collision was due to negligence and unskillful operation of a motor vehicle by the defendant.

An answer was filed on behalf of the defendant which contained a general denial and affirmative defences of which only two are material, to wit:

1. The action has been brought in violation of the no-fault provision of Chapter 90 of the Massachusetts General Laws as amended by St. 1970, c. 670.

2. The plaintiff is not entitled to recover damages for pain and suffering under the General Laws Chapter 231, § 6D (1-5).

The court found for the plaintiff in the sum of $4,475.00.

*At the trial there was evidence tending to show:*

The plaintiff was operating his car, a Volkswagen, on Longwood Avenue, Brookline, Massachusetts, on February 9, 1972. The plaintiff stopped his car behind one in front of him and while waiting for traffic to move, was struck in the rear by the defendant.

The plaintiff's car was pushed across the street into the curb. As a result of the impact, the hood was smashed in over the engine, the bumper was pushed in over the hood that covers the engine, the left door was sprung, the bucket seat collapsed and was sprung. The defendant's front end grill and

hood were pushed in. The plaintiff was pinned in his car and rendered unconscious.

He remained in the car until the police arrived and extricated him. The police wrapped him in a blanket because he was shivering and asked him if he could walk to the police car. He could not and they carried him out of his car to the police car and he was taken to the Beth Israel Hospital.

The plaintiff felt dizzy and his leg was hurting him. He was released from the hospital that same day and taken home by his mother. His knee stiffened and swelled one-fourth of its normal size.

The following day he was taken to the clinic at Northeastern University where he was treated by Dr. Grafton E. Burke, who was a Board member internist and specialized in physical rehabilitation.

The plaintiff was treated from February 10, 1972 through April 1972 by Dr. Grafton Burke at Northeastern. Dr. Burke testified that the fair and reasonable value of medical services rendered to the plaintiff as a result of the injuries sustained in the accident were as follows:

        x-rays of cervical and
            dorsal spine
        x-rays of the skull
        x-rays of both knees
        x-rays of the chest                $300.00
        Laboratory Work                      50.00

Consultations with Dr. Bender,
an Orthopedic Specialist

| | |
|---|---|
| 4 Consultations @ $25.00 each | 100.00 |

Therapy treatments:

| | |
|---|---|
| 20 whirlpool baths for knee @ $5.00 each | 100.00 |
| 38 physical therapy treatments @ $7.00 each | 260.00 |
| 16 quadricaps exercise therapy treatments @ $10.00 each | 160.00 |

Examination, consultations and all treatments under the personal supervision of Dr. Burke ...... 300.00

Beth Israel Hospital

Neck collar furnished

| | |
|---|---|
| Crutches furnished | 20.00 |

Medicines purchased by plaintiff:

| | |
|---|---|
| Fiorinal Tablets | 2.25 |
| 21 Telfa Pads | .95 |
| Gauze Bandages | 1.50 |
| 1 Cane for support in walking | 3.95 |
| Heating Pad | 9.45 |
| Fiorinal Tablets (refill) | 2.25 |

$1,288.35*

---

* The above total for medical services appears to be in error and should read $1,316.35.

The plaintiff used a Thomas Collar for two weeks. He was able to discard crutches after 3 1/2 weeks, and used a cane for one month thereafter.

The plaintiff did not pay for the medical services furnished by Dr. Burke or the clinic as they came under the Northeastern Health Service Plan for which students paid the sum of $75.00 annually.

The plaintiff's knee was diagnosed as a medical meniscus or an internal derangement of the left knee and Dr. Burke stated that the plaintiff would require future surgery on his knee.

The plaintiff participated in the work program at Northeastern University in which students worked outside of school as part of their training. He was employed at Massachusetts Correctional Institution at Norfolk, Massachusetts, as a counsellor, and paid $125.00 weekly. He lost four weeks of this work at which time his out of school program ceased. Also during his school period at Northeastern University, he held a part-time job as a clerk. Because he could not stand, due to the injury to his left knee, he was unable to work as a clerk for 12 weeks. His work paid him $33.75 per week. His total lost wages were $905.00.

At the close of the evidence and before final arguments, the defendant filed a motion to dismiss based upon Chapter 231, § 6D in effect moving for a finding for the defendant

as a matter of law because the plaintiff had not himself incurred reasonable and necessary medical services in excess of $500.00 for the injuries sustained in the accident. This motion was denied.

The plaintiff contends that he may recover for pain and suffering when the reasonable and necessary medical expenses in treating the injuries incurred are in excess of $500 (G. L. c. 231, § 6D), and further contends that he can recover because the statute under the No Fault Provision of Chapter 90 allows recovery for pain and suffering under said Chapter 231, regardless of whether he was obligated to spend any money ''out of pocket'' or not.

The defendant contends that the plaintiff's claim for damages does not fall within the exclusion contained in General Laws, Chapter 231, Section 6D and therefore is excluded by Chapter 90, Section 34M.

There is ample reported evidence in the record to justify a finding that the medical services rendered, and the charges therefor, were both reasonable and necessary.

The sole question raised by the denial of this motion to dismiss is, therefore, was the action of the judge proper since the plaintiff was covered by a Northeastern Health Services Plan (for which he paid an annual premium) which covered all the medical expenses incurred by him as a result of this accident.

The defendant, in a very well drawn brief and in his argument before us, contends strongly that the phrase "expenses incurred" as contained in the statute, means money actually spent for such services and not the value of them; and further contends that if the plaintiff is compensated for his injuries from other collateral sources, he cannot recover in this action.

As suggested by the defendant in his brief, the statute was enacted to provide protection and prompt payment to all operators and passengers in motor vehicles without regard for fault or liability to reduce the cost of compulsory insurance, and to reduce the volume of motor vehicle tort actions in the various courts of the Commonwealth.

We are unaware of any Massachusetts cases on the particular point and none has been brought to our attention by counsel. However, *Pinnick* v. *Cleary*, 1971 Mass. Adv. Sheets 1129, 1149-50, does discuss the related issues at great length in upholding the constitutionality of the statute.

Since there are no cases for precedent, we look to the statute itself to see if there is anything in it concerning this particular point.

There is no provision for the application of the "collateral source rule" in the No Fault Statute. Medical and related expenses are recoverable under the statute even though they

have been paid by Blue Cross-Blue Shield or some other form of medical payments coverage. Martin & Hennessey, Mass. Practice Series Vol. 12, Section 1155.25 (collateral source).

There are certain exemptions or exceptions to this rule. Under St. 1970, c. 670, § 2, a person who is entitled to Workmens Compensation benefits is excluded from recovering, and it would appear this rule also applies to any wage continuation program as described in the statute.

The fact that the Legislature recognized the issue of collateral payments and saw fit to specifically restrict collateral recovery in the above-mentioned instances and none other, leads us to the logical inference that collateral recovery in other instances is not barred.

We are constrained to rule, therefore, that the Legislature did not intend any further prohibition. To rule otherwise, would be reading something into the statute that is not there.

The word "incurred" is used in several instances within § 2, and where used, the Legislature has specified that "incurred expenses" refer to "payments in fact made" yet, on the facts of this case, the phraseology "expense incurred" is not so limited. This again leads us to conclude that the Legislature did not intend to prohibit collateral reimbursement. (But see *Karff* v. *Commercial Insurance Company of Newark*, 43 Mass. App. Dec. 218 (1970). This

would appear to be limited in its application, however, to situations involving governmental insurance programs. See also *Gurley* v. *Commonwealth*, 1973 Mass. Adv. Sheets, 769. (Reimbursement under Violent Crime Statute, G.L. c. 258A).

We do not agree with defendant's contention that "it is expenses incurred which is the determinative factor, not necessarily the value of them." As Reardon, J. aptly states in *Pinnick* v. *Cleary*, cited supra, "It seems to us the legislature has employed criteria rationally related to the seriousness of the injury in general, and thereby to the seriousness of pain and suffering." In the instant case, the value of the medically related services is certainly sufficient to meet this criteria of seriousness, regardless of reimbursement or out of pocket expense, and this is the determinative factor in our opinion.

As a practical matter, a person incurs medical expenses when he is treated for injuries as the result of an accident. Liability for those services then arises and a plaintiff may recover for obligations incurred whether he has satisfied them or not, and conversely, it would appear he may recover even though he has been reimbursed unless the parties have otherwise agreed, or there is some legislative prohibition against such recovery. *Arwshan* v. *Meshaka*, 288 Mass. 31 at page 34.

The Massachusetts statute provides personal injury protection to the extent set forth in G.L. c. 231, § 6D, and beyond that, there is a right to sue for "pain and suffering" where the seriousness of the injury requires medical services the value of which is in excess of the amount set forth in the statute. *Pinnick* v. *Cleary,* cited supra.

We are of the opinion that the defendant is liable if the necessary and reasonable value of the services rendered exceeds $500. The trial justice so found, and we agree.

The action of the justice in denying the motion was proper and is hereby affirmed. *An order should be entered dismissing the report.*

SAMUEL NEWMAN, of Boston
for the plaintiff
HARVEY & NEVILLE
for the defendant